Present: Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and
Millette, JJ., and Russell, S.J.

WILLIS ALEXANDER McMILLAN

v.  Record No. 080622                     OPINION BY
                          CHIEF JUSTICE LEROY ROUNTREE HASSELL, SR.
COMMONWEALTH OF VIRGINIA           January 16, 2009

                FROM THE COURT OF APPEALS OF VIRGINIA

                                I.

    In this appeal from the Court of Appeals we consider:

whether the evidence is sufficient to prove beyond a

reasonable doubt that a defendant possessed cocaine with the

intent to distribute in violation of Code § 18.2-248; and

whether a circuit court erred by permitting the Commonwealth

to introduce in evidence an exhibit that purports to establish

that the defendant had a prior felony conviction.

                                II.

    The defendant, Willis Alexander McMillan, was indicted by

a grand jury in the City of Hampton for the following

offenses: possession of cocaine with intent to distribute in

violation of Code § 18.2-248; possession of a firearm while in

the possession of cocaine in violation of Code § 18.2-308.4;

possession of a firearm after having previously been convicted

of a felony in violation of Code § 18.2-308.2; possession of a

concealed weapon in violation of Code § 18.2-308; and

feloniously disregarding a visible or audible signal by a law enforcement officer in violation of Code § 46.2-817.

During a bench trial in the Circuit Court of the City of Hampton, the defendant objected to the admission of an exhibit that purported to show that he had been convicted of attempted arson when he was 14 years old, in violation of Code §§ 18.2-77 and 18.2-26. The circuit court admitted the exhibit in evidence over the defendant's objection. The defendant also asserted in the circuit court that the evidence was insufficient to establish beyond a reasonable doubt that he had possession of cocaine and, thus, he could not be convicted of possession with intent to distribute.

At the conclusion of the bench trial, the court found the defendant guilty of evading and eluding a police officer in violation of Code § 46.2-817 and fined him $100. The court convicted the defendant of possession with intent to distribute cocaine, possession of a firearm while possessing drugs, possession of a firearm by a felon, and possession of a concealed weapon.

The court fixed the defendant's punishment as follows: twelve years imprisonment for possession with intent to distribute cocaine; five years imprisonment for possession of a firearm while possessing drugs; five years imprisonment for

possession of a firearm by a felon; and six months imprisonment for the possession of a concealed weapon.

The defendant appealed his convictions to the Court of Appeals. Among other things, the defendant contended that the circuit court erred by admitting in evidence the exhibit that purported to demonstrate that he had a prior felony conviction. The defendant also asserted that the evidence was insufficient to prove that he had actual or constructive possession of the cocaine. The Court of Appeals denied the defendant's petition, McMillan v. Commonwealth, Record No. 1488-07-1 (January 16, 2008), and we awarded the defendant an appeal.

III.

Applying well-established principles of appellate review, we will state the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court. Bishop v. Commonwealth, 275 Va. 9, 11, 654 S.E.2d 906, 907 (2008); Pruitt v. Commonwealth, 274 Va. 382, 384, 650 S.E.2d 684, 684 (2007).

On June 9, 2005, Robert Bowers, a Virginia State Police Officer, was operating a radar device, designed to measure the speed of motor vehicles, in the city of Hampton on Interstate 64. Officer Bowers observed a car traveling east on Interstate 64 and a license plate was not affixed to the front

3

of the car. The officer, whose police cruiser was situated on the shoulder of the highway, drove his cruiser onto the interstate and followed the car. Lushawn Carolina was driving the car and the defendant was a passenger.

Carolina drove the car to an exit on Interstate 64 and entered Rip Rap Road at a high rate of speed. Officer Bowers, who was following Carolina's car, activated his police cruiser's emergency lights in an attempt to stop Carolina's car. Carolina drove his car onto a residential street and he entered the driveway of a residence. Carolina got out of his car and began to walk to the front door of the residence. Officer Bowers parked his police cruiser, got out of his car, and directed Carolina to return to the car he had been driving. Carolina complied and sat in the driver's seat.

As Officer Bowers approached the driver's window of Carolina's car, he smelled an odor of "burnt" marijuana. After the officer asked Carolina for his driver's license and registration, Carolina responded that his license had been suspended, the car belonged to his brother, and Carolina did not have the vehicle registration card.

Bowers saw Carolina "lean[] forward as if he were about to open [the glove compartment], but he leaned back straight up in his seat and he didn't open the glove compartment."

Carolina presented Officer Bowers with a Virginia identification card, but he did not have a driver's license.

Officer Bowers asked Carolina how did he know that the registration card was not in the glove compartment since he had not opened it to search for the card. Carolina opened the glove compartment and Officer Bowers saw the registration card on top of several traffic summonses. Officer Bowers also observed a "Crown Royal bag." The Crown Royal bag was made of purple cloth and had been used to package a bottle of Crown Royal Canadian whiskey, which was not inside the bag.

Officer Bowers directed Carolina to exit his car and sit in the police cruiser so that the officer could separate Carolina from McMillan. Officer Bowers checked to be sure that Carolina had no weapons on his person. Officer Bowers and Carolina sat in the police car for about 15 minutes while the officer prepared traffic summonses and waited for another State police officer to arrive at the scene.

As Officer Bowers conversed with Carolina in the police car, McMillan, who remained in the passenger seat of Carolina's car, began to move "around in the seat and he was looking back in [the] direction" of the police cruiser. Carolina told Bowers that he wanted McMillan to drive Carolina's car once Bowers had issued the traffic summonses.

Bowers went to Carolina's car where McMillan remained seated.  Bowers obtained McMillan's driver's license and returned to his police cruiser to ascertain the status of McMillan's driver's license.

Officer Bowers told Carolina that Bowers had smelled marijuana in the car and he believed that Carolina and McMillan had "something illegal." Carolina repeatedly told Officer Bowers that the officer had no reason to search the car and could not do so.

Officer Bowers returned to Carolina's car and gave McMillan his driver's license.  Officer Bowers repeatedly asked McMillan to open the glove compartment so that the officer could determine to whom the summonses had been issued.  McMillan refused to open the glove compartment.  McMillan told Officer Bowers that he should ask Carolina to open the glove compartment "because it wasn't his [McMillan's] car and he [McMillan] didn't have anything to do with what was in the glove compartment."  Subsequently, Officer Bowers opened the glove compartment, retrieved two traffic summonses and in the process removed the "Crown Royal bag."

Officer Bowers opened the "Crown Royal bag" and saw what appeared to be "chunks of . . . rock cocaine."  Officer Bowers, who was standing on the passenger side of Carolina's car, glanced at his police cruiser to watch Carolina.

6

McMillan, who was in the front passenger seat, "jumped out" of the driver's door of Carolina's car and "ran fast." The police officers were unable to apprehend him. Carolina, however, was arrested and Officer Bowers conducted a search of the car. McMillan was arrested 12 days after he fled from Officer Bowers.

During the search of Carolina's car, Officer Bowers found a loaded Smith & Wesson .40 caliber pistol under the driver's seat. He also found under the driver's seat a large plastic bag that contained a small baggie with crack cocaine residue.

Officer Bowers found a "loaded [G]lock" .40 caliber pistol under the passenger seat where McMillan had been sitting. The pistol was "fully loaded with 15 rounds in the magazine and one in the chamber." The officer also found, behind the gun under the passenger seat, a clear plastic baggie that contained "four other balled up baggies."

After Officer Bowers had searched the car, he "took a closer look inside of the Crown Royal bag that [he] had opened earlier." The "Crown Royal bag" contained a clear plastic baggie and 13 individually wrapped zip-lock baggies containing what appeared to be crack cocaine.

Officer Bowers also found a shoe box on the back floorboard area behind Carolina's seat. The shoe box contained sneakers that were the same size as the shoes that

7

Carolina was wearing at that time.  The shoe box contained 78 of the "same type zip-lock baggies that [Officer Bowers] had found the crack cocaine in.  They were all empty."

Betty Jane Blankenship, a forensic scientist with the Virginia Department of Forensic Science, testified that she conducted DNA profiles on swabs that she obtained from McMillan and swabs "from the grip trigger" of the pistol that was found under the passenger seat where McMillan had been seated.  The DNA profile "from the grip trigger matched perfectly the DNA profile of Willis McMillan."  Blankenship gave the following testimony about the DNA profile:

> "Question:  And you said it was a match.  And is there a certain ratio that you use in order to provide a Certificate of Analysis?
>
> "Answer:  Yes.  We do a statistical analysis on the DNA profile from the grips and trigger and you would expect to find that profile once in the population of the world.
>
> "Question:  And that's 6 billion?
>
> "Answer:  6 billion people at the time that I did this certificate anyway."

## IV.
### A.

McMillan asserts that the evidence was insufficient to prove, beyond a reasonable doubt, that he possessed the cocaine.  He contends that the Commonwealth failed to prove that he exercised dominion or control over the cocaine.

8

Continuing, he argues that the Commonwealth failed to exclude the reasonable hypothesis of innocence that the cocaine belonged to Carolina alone.  We disagree with McMillan's contentions.

We have stated that "[o]n appeal, great deference is given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony.  Thus, a [circuit] court's judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it."  Young v. Commonwealth, 275 Va. 587, 590-91, 659 S.E.2d 308, 310 (2008); accord Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998).  The issue that we consider, upon appellate review, is " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' "  Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

We stated in Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)), the following principle that is pertinent here:

> "To support a conviction based upon constructive possession [of illegal drugs], 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.' "

When proof of constructive possession is dependent upon circumstantial evidence, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (internal quotation marks and citations omitted). Additionally, "[w]hile a conviction may properly be based upon circumstantial evidence . . . [t]here must be an unbroken chain of circumstances proving the guilt of the accused to the exclusion of any other rational hypothesis and to a moral certainty." Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971) (quoting Brown v. Commonwealth, 211 Va. 252, 255, 176 S.E.2d 813, 815 (1970)).

Upon application of the aforementioned principles, we hold that the evidence in this case is sufficient to establish beyond a reasonable doubt that McMillan had possession of the cocaine. The defendant was a passenger in the front seat of the car where the illegal drugs were found. A loaded pistol, that contained his DNA material, was hidden under the

10

passenger seat where he was seated.  Officer Bowers found packaging that could be used for distribution of illegal drugs immediately behind the defendant's pistol.  The defendant refused to open the glove compartment where the "Crown Royal bag" containing crack cocaine was found because McMillan said "he didn't have anything to do with what was in the glove compartment."  When Officer Bowers opened the glove compartment, inspected the "Crown Royal bag" and saw "chunks of . . . rock cocaine," McMillan fled.  These facts are sufficient to establish, beyond a reasonable doubt, that at a minimum, McMillan had constructive possession of the cocaine in the glove compartment, which was well within his reach.

B.

The trial court admitted in evidence, over McMillan's objection, an exhibit that included a petition filed in the Hampton Juvenile and Domestic Relations District Court dated September 10, 2000, and a document captioned "Office Contacts & Court Proceedings" that contained numerous notations made by an unknown scrivener.  The Commonwealth introduced this exhibit in evidence to establish the defendant's prior felony conviction.

According to the petition, R.O. Wooden, presumably an employee of the Hampton Fire Department, stated under oath that McMillan, who was 14 years old, "unlawfully and

feloniously on or about 09/10/00 attempt[ed] to maliciously burn a dwelling house . . . in Hampton, in violation of [§§] 18.2-77 and 18.2-26 of the 1950 Code of Virginia as amended." The petition contained the following case number:  J036646-13-00.

The document captioned "Office Contacts & Court Proceedings" contains the following information:

"J036646
"MCMILLAN, WILLIS ALEXANDER
"2-5-86 (age 14)

"13-00 ATTEMPT ARSON
    9-10-00  18.2-77/18.2-26

"WOODEN, R.O."

Below is the content of the document:

"OFFICE CONTACTS & COURT PROCEEDINGS / copy to:
SUMMONS ISSUED: Willis McMillan IP Deborah Curry IP
9-11-00  Def. present w/Deborah Curry his legal
    custodian.  Michael King appt'd. 9-25-00
    for trial.  LRL/bg
    (Def. to remain in secure det.
    Def. motion for psych. eval. granted. CA
    to prepare order.  bg)
9-14-00  Summ. iss. to mother & father & also
    mailed.  bg
9-25-00  Cont. 10-25-00 for trial on def's
    motion without objection.  Atty. King
    waives statutory req. for det. LRL/bg
10-25-00 Def. present w/aunt & Atty. King.
    Cont. 1-3-01 for trial on joint motion.
    Def. placed on outreach det. JT/bg
1-3-01   Def. present w/guardian & Atty. King.
    Def. offers a plea of guilty.  Waiver &
    stipulation of the evid.  Ct. accepts plea.
        Ct. finds def. guilty. Disposition 2-26-01.
        Def. released from outreach detention.
                        /s/ Louis R. Lerna

> [date not legible]Order for comprehensive
> psychological eval.
> 2-26-01  Atty. King present. Cont. 3-19-01 for
>     disposition at req. of P.O. LRL/bg
> 3-16-01  Disp. report in file. Copy to CA. bg
> 3-19-01  CA Rickey & Atty King present - Both Agree
>     with rec of P.O.
>     Indef. sup. prob; Δ & guardian to comply
>     w/all rec's of FAP Team & Sub. Abuse
>         Eval-                    R.R. Habel"

The defendant argues the circuit court erred by admitting the exhibit in evidence.  The defendant contends that the exhibit is not an order of conviction, but merely contains notes and that the exhibit does not show the crime to which McMillan tendered his plea of guilty.  Continuing, the defendant argues that because the exhibit is inadmissible, the Commonwealth failed to establish that he had a prior felony conviction and, thus, his conviction for possession of a firearm by a felon must be reversed.

Responding, the Commonwealth asserts that the circuit court did not err when it admitted the exhibit.  Additionally, the Commonwealth contends that the defendant has not challenged the sufficiency of the evidence to support the conviction of the charge of possession of a firearm by a convicted felon on the basis that the predicate offense had not been proven and, therefore, to the extent the defendant

raises a claim of sufficiency of the evidence, that claim is procedurally defaulted pursuant to Rule 5:25.[1]

"It is a fundamental principle of jurisprudence that evidence which is not relevant is not admissible." Davis v. Marshall Homes, 265 Va. 159, 166, 576 S.E.2d 504, 507 (2003). This Court has repeatedly held:  " 'Evidence is relevant if it tends to prove or disprove, or is pertinent to, matters in issue.' "  McCloud v. Commonwealth, 269 Va. 242, 257, 609 S.E.2d 16, 24 (2005) (quoting Clay v. Commonwealth, 262 Va. 253, 257, 546 S.E.2d 728, 730 (2001)); accord Hodges v. Commonwealth, 272 Va. 418, 436, 634 S.E.2d 680, 690 (2006); Barkley v. Wallace, 267 Va. 369, 373, 595 S.E.2d 271, 273 (2004); Velocity Express Mid-Atlantic v. Hugen, 266 Va. 188, 205, 585 S.E.2d 557, 566-67 (2003).

We have held that:

> "Evidence which has no tendency to prove guilt, but only serves to prejudice an accused, should be excluded on the ground of lack of relevancy.  For evidence to be admissible it must relate and be confined to the matters in issue and tend to prove an offense or be pertinent thereto.  Evidence of collateral facts or those incapable of affording any reasonable presumption or inference on matters in issue, because too remote or irrelevant, cannot be accepted in evidence."

---

[1] The Commonwealth's claim that the defendant's assignment of error regarding admissibility is insufficient lacks merit.

Smith v. Commonwealth, 223 Va. 721, 723, 292 S.E.2d 362, 363 (1982); (quoting Bunting v. Commonwealth, 208 Va. 309, 314, 157 S.E.2d 204, 208 (1967)).

Recently, this Court considered in Palmer v. Commonwealth, 269 Va. 203, 609 S.E.2d 308 (2005), and Overbey v. Commonwealth, 271 Va. 231, 623 S.E.2d 904 (2006), whether evidence of juvenile and domestic relations district court petitions, disposition orders, and notes were sufficient to prove that criminal defendants had been previously convicted of prior felonies, which were necessary elements of crimes that the Commonwealth was required to prove beyond a reasonable doubt. Even though our decisions in Palmer and Overbey relate to the sufficiency of the evidence to prove prior felony convictions that were necessary elements to sustain convictions, these cases are highly instructive for our resolution of the present appeal.

In Palmer, this Court considered whether the evidence was sufficient to prove that a defendant's juvenile conviction was for an act felonious in nature. George Palmer was indicted by a grand jury for several charges, including two charges of possession of a firearm when he was under the age of 29 after having been convicted of a delinquent act that would have been a felony if committed by an adult in violation of Code § 18.2-308.2. Palmer, 269 Va. at 205, 609 S.E.2d at 308-09.

15

During Palmer's trial, the Commonwealth presented four petitions and accompanying disposition orders from the Halifax County Juvenile and Domestic Relations District Court as evidence to prove that Palmer had been convicted of a delinquent act felonious in nature. Two of the petitions contained allegations that Palmer committed the delinquent act of grand larceny in violation of Code § 18.2-95 and two other petitions contained allegations that Palmer committed the delinquent act of burglary with the intent to commit larceny in violation of Code § 18.2-91. The juvenile and domestic relations district court records did not contain any orders providing an adjudication of the four charges. The "disposition order" entered for each charge required Palmer to pay restitution to the victim and to be committed to jail for 12 months, six months suspended, subject to two years of good behavior. Id. at 206, 609 S.E.2d at 309.

Palmer objected to the admission of the juvenile and domestic relations district court petitions and disposition orders. He also made a motion to strike the evidence at the end of the Commonwealth's case and at the conclusion of all the evidence. He argued that the juvenile and domestic relations district court records did not establish a prior conviction of a delinquent act felonious in nature. Id. at 206, 609 S.E.2d at 309.

The circuit court acknowledged that the juvenile and domestic relations district court form "is not good," but the court held that there was "no question" that Palmer had been convicted of the delinquent acts as charged.  The court reasoned that Palmer could have only been committed to jail for a time period set forth in the court documents if he had been convicted of the delinquent acts that would have been a felony had those acts been committed by an adult.  Id.

Reversing the conviction, we stated:

"When the fact of a prior conviction is an element of a charged offense, the burden is on the Commonwealth to prove that prior conviction beyond a reasonable doubt.  See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997); Dowdy v. Commonwealth, 220 Va. 114, 116, 255 S.E.2d 506, 508 (1979); McBride v. Commonwealth, 24 Va. App. 30, 33, 480 S.E.2d 126, 127 (1997); Essex v. Commonwealth, 18 Va. App. 168, 171-72, 442 S.E.2d 707, 709-10 (1994).  As provided by statute, a judgment order must reflect, among other things, the plea of the defendant, the verdict or findings of the fact finder, and the adjudication and sentence of the court.  Code § 19.2-307.  The mere notation of a sentence, although suggestive of a conviction, does not establish the fact or nature of any conviction. See McBride, 24 Va. App. at 35, 480 S.E.2d at 128; Bellinger v. Commonwealth, 23 Va. App. 471, 475, 477 S.E.2d 779, 780-81 (1996)."

Palmer, 269 Va. at 207, 609 S.E.2d at 310 (emphasis added).

We held that a circuit court must not engage in conjecture or surmise in determining the offense for which the defendant was convicted.  We concluded that when the Commonwealth seeks to establish a prior conviction as an

17

element of a crime by presenting an order entered in a prior case, the order must show a judgment of conviction was entered in adjudication of the charge.  Id.  We explained the reasons for this principle:

> "First, a court's orders are presumed to accurately reflect what actually transpired and nothing more. McMillion v. Dryvit Sys., 262 Va. 463, 469, 552 S.E.2d 364, 367 (2001); Waterfront Marine Constr. v. North End 49ers, 251 Va. 417, 427 n.2, 468 S.E.2d 894, 900 n.2 (1996); Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979); McBride, 24 Va. App. at 35, 480 S.E.2d at 128. Second, as a practical matter, a defendant charged with felonious conduct may be convicted of a lesser-included offense, or the original charge may be reduced upon the defendant's agreement to plead guilty to the reduced charge."

Palmer, 269 Va. at 207, 609 S.E.2d at 310.

Even though we recognized in Palmer that the defendant objected in the circuit court to the admission of the juvenile and domestic relations district court petitions and disposition orders, we considered the sufficiency of the evidence, and not the admissibility of the records.  We held in Palmer that the juvenile and domestic relations district court records failed to establish the fact or nature of Palmer's adjudication.  We stated that we did not know if Palmer pled guilty to four offenses that would have been misdemeanors rather than felonies if committed by an adult. We were unable to determine the nature of the delinquent acts for which Palmer was sentenced by the juvenile and domestic

18

relations district court.  Additionally, we concluded that the mere notation of a sentence in a court document that is not an order does not establish the fact or nature of a conviction, even though that mere notation may be suggestive of a conviction.  Id. at 207-08, 609 S.E.2d at 310.

In Overbey v. Commonwealth, we considered whether the Commonwealth established that a defendant, Robert Overbey, III, who had been charged with possession of a firearm by a convicted felon in violation of Code § 18.2-308.2, had been previously convicted of a felony as required by that statute.  During Overbey's trial on the weapons charge, the Commonwealth introduced in evidence a copy of a petition filed in the Hampton Juvenile and Domestic Relations District Court.  Attached to the petition in the record were two pages of notes relating to the proceedings in the juvenile and domestic relations district court.  Overbey, 271 Va. at 232, 623 S.E.2d at 904.  Notes relating to the proceedings in Overbey v. Commonwealth are on a form identical to the exhibit that is the subject of the present appeal before this Court.

In Overbey, the notes indicated that Robert Overbey was charged with two offenses when he was 17 years old, the felony of burglary with the intent to commit larceny and the misdemeanor of petit larceny arising out of the

same incident.  The signature of the judge of the Hampton Juvenile and Domestic Relations District Court appears after each day's entry on the notes.  At the top of each page, the burglary and larceny charges are listed, with the respective case number of each charge.  Id. at 232, 623 S.E.2d at 904-05.

An entry for notes, dated February 20, 1997, states that the defendant is "now 18 yrs of age & atty is prepared to proceed w/o a parent being present," that "plea [of] guilty [and] stip[ulated] evid[ence] suff[icient] to convict," and that "[b]ased on the plea of guilty, stip[ulation] & summary of evid[ence], Ct finds def guilty and refer for PO report."  The defendant was sentenced pursuant to Code § 16.1-284 to 12 months in jail, suspended for two years on the condition that he "be of good behavior & complete 50 hours in the CDI program."  Id. at 232-33, 623 S.E.2d at 905.

Overbey did not object to the admission of the juvenile and domestic relations district court petition and notes in evidence.  He did, however, argue that the notes were ambiguous and were insufficient to show that he had been previously convicted of a felony.  Id. at 233, 623 S.E.2d at 905.

Both in the circuit court and on appeal in this Court, Overbey argued that the Commonwealth failed to establish that he had been previously convicted of a felony as required by Code § 18.2-308.2(A)(i).  Id.  We agreed with Overbey that the language in the notes was ambiguous and that the notes were of doubtful import and lacking in clearness and definiteness.  We held that the circuit court "had to engage in pure conjecture or surmise to determine, as the Commonwealth contend[ed], that the defendant pled guilty to both burglary and petit larceny."  Id. at 234, 623 S.E.2d at 905-06.  We restated our holding in Palmer v. Commonwealth, supra, that a "court may not engage in conjecture or surmise in determining the offense for which a defendant was convicted."  Overbey, 271 Va. at 234, 623 S.E.2d at 906 (quoting Palmer, 269 Va. 207, 609 S.E.2d at 310).

Implicit in our holdings in Palmer and Overbey is the recognition that the documents upon which the respective circuit courts relied were not orders and did not contain language from which the finder of fact could conclude that the respective defendants had been convicted of a prior felony conviction.  In each case, the circuit court relied upon documents that did not permit the finder of fact to make an inference that the

21

defendant had been convicted of a prior felony.  Simply stated, in Overbey and Palmer, the admitted evidence did not tend to prove or disprove that the defendant had been convicted of a prior felony, which was an element of the charged crimes.

The exhibit from the Hampton Juvenile and Domestic Relations District Court in the present appeal, just as the documents in Palmer v. Commonwealth, does not contain the findings of the fact-finder and the mere notation of a sentence in the exhibit in the present appeal does not establish the fact or nature of McMillan's conviction. The exhibit in McMillan's appeal clearly does not contain an order and, contrary to the assertions of the Commonwealth in the circuit court, the exhibits cannot be deemed to be an order.  The notations on the document captioned "Office Contacts & Court Proceedings" were made by an unknown scrivener and facts regarding the nature or type of conviction cannot be inferred from the notes.[2]  At best, the notes indicate that the defendant pled guilty to an offense and that as a disposition, McMillan was

---

[2] In Overbey, just as in this case, the petitions filed in the juvenile and domestic relations district court contained a case number.  Likewise, the document "Office Contacts & Court Proceedings" we described in Overbey, just as in McMillan's case, contains a corresponding case number.

22

released from outreach detention.  However, a finder of fact cannot infer from the notes of the unknown scrivener that McMillan pled guilty to, or was convicted, of a felony.

We hold that the notations in the challenged exhibit are not relevant because they do not tend to prove or disprove, nor are relevant to, matters in issue, specifically a prior felony conviction that is an element of the crime charged against McMillan.  And, as we have already stated, evidence that is not relevant is not admissible.  The circuit court erred by admitting the irrelevant evidence.[3]  Therefore, this Court will reverse the conviction for the violation of Code § 18.2-308.2.

V.

For the foregoing reasons, we will reverse that portion of the judgment of the Court of Appeals that affirmed the defendant's conviction for possession of a firearm by a felon and we will vacate that conviction. We will affirm that portion of the judgment of the Court of Appeals that approved the defendant's remaining

---

[3] In its analysis, the dissent relies upon Code § 8.01-389.  The litigants, the circuit court, and the Court of Appeals, did not consider what application, if any, Code § 8.01-389 has to the admissibility of the evidence at issue in this appeal.  Thus, this Court need not, and does not,

convictions.  We will remand this case to the Court of
Appeals with direction that the Court of Appeals remand
the case to the circuit court for a new trial if the
Commonwealth be so advised.

                              Affirmed in part,
                              reversed in part,
                              and remanded.


SENIOR JUSTICE RUSSELL, with whom JUSTICE KINSER and
JUSTICE LEMONS join, concurring in part and dissenting in
part.

     I concur in the majority's holding that the evidence was
sufficient to support McMillan's conviction of possession with
intent to distribute cocaine.  I respectfully dissent,
however, from the majority's holding that the trial court
erred in admitting in evidence the records of the Juvenile and
Domestic Relations District Court of the City of Hampton.

     With respect to his conviction of possession of a firearm
after having been previously convicted of a felony, McMillan
presented two questions in his appeal to the Court of Appeals:
(1) Did the trial court err in admitting in evidence the
record of his 2001 conviction in the Juvenile and Domestic
Relations District Court (JDR court) of attempted arson of a
dwelling house?  (2) Was the evidence, consisting solely of
that record, sufficient to support the firearm possession

---

consider what effect, if any, Code § 8.01-389 has upon the

24

conviction?  McMillan abandoned the second claim in his appeal to this Court, perhaps because he had not made that argument at trial.  Here, with respect to the firearm possession conviction, he assigns as error only the trial court's admission of the JDR court record in evidence.  Consequently, our consideration is confined solely to the question of admissibility, not that of sufficiency.  Rule 5:17(C).

Although evidence of prior crimes committed by the accused is inadmissible for the general purpose of showing bad character or a predisposition to commit the crime for which he is on trial, where a statute makes a prior conviction an element of the offense charged, the Commonwealth has the burden of proving the prior conviction beyond a reasonable doubt.  The most efficient way of carrying this burden is by an attested copy of an order of conviction, but that is not the only method of proof available to the Commonwealth.  For this purpose, we have held, as has the Court of Appeals, that "[p]rior convictions may be proved by any competent evidence." Perez v. Commonwealth, 274 Va. 724, 730, 652 S.E.2d 95, 98 (2007) (emphasis added); accord McBride v. Commonwealth, 24 Va. App. 30, 34, 480 S.E.2d 126, 128 (1997).  "Competent evidence" has been defined as "that which tends to establish a fact in issue."  Weiner v. State, 348 N.W.2d 879, 883 (Neb.

admissibility of the challenged evidence.

25

1984) (emphasis added).  There is no requirement that evidence be sufficient in itself to establish proof beyond a reasonable doubt in order to be competent and admissible.

"For many years, we have approved the principle that every fact, however remote or insignificant, that <u>tends to establish a probability or improbability</u> of a fact in issue is admissible."  <u>Stamper v. Commonwealth</u>, 220 Va. 260, 269, 257 S.E.2d 808, 815 (1979) (emphasis added).  As the majority opinion indicates, we have reiterated that principle in a long series of decisions extending to the present time.  In one of these, we stated that the key to the admissibility of evidence is its relevance to a material issue in the case.  There, we said:  "Relevance exists when the evidence has a logical tendency, however slight, to prove a fact at issue in a case."  <u>Hodges v. Commonwealth</u>, 272 Va. 418, 436, 634 S.E.2d 680, 690 (2006) (internal quotation marks omitted).

Applying those principles, our inquiry must be whether the JDR court record had even a slight tendency to prove that McMillan had been previously found guilty, as a juvenile offender, of a crime that would have been a felony if committed by an adult.  In that connection, it is noteworthy that McMillan does not dispute that he is the individual to whom the JDR record relates.  He does not contend that he was convicted of any offense other than attempted arson, the

single charge named in the petition. It is undisputed that attempted arson of a dwelling house, whether occupied or not, is a felony. Code §§ 18.2-77 and 18.2-26. McMillan does not contend that the charge was reduced to a misdemeanor or a lesser included offense by plea bargaining or otherwise, and any surmise on our part that such a reduction might have occurred would be speculation unsupported by any evidence whatever. As the majority opinion points out, a court may not engage in conjecture or surmise in determining the offense for which a defendant was convicted. McMillan's sole contention on appeal is that a reader of the JDR record cannot determine of what offense he was convicted.

The JDR court record shows McMillan's name, the charged offense "Attempt Arson," the citations of the Code sections making that crime a felony and the case number on every page. The record contains the court order appointing counsel for McMillan, which is signed "Louis R. Lerner, Judge." The page of notes containing the entries "Def. present w/guardian & Atty. King. Def. offers a plea of guilty. Waiver and stipulation of the evid. Ct. accepts plea. Ct. finds def. guilty. Disposition 2-26-01" bears the handwritten signature "Louis R. Lerner." I find it difficult to say that those entries have not the slightest tendency to persuade a fact-

finder that McMillan had a prior felony conviction and were therefore irrelevant to this case.

The majority opinion stresses the fact that the notes in the JDR record were made by an "unknown scrivener." The General Assembly has resolved any concern that may arise on that account. Code § 8.01-389 provides, in pertinent part:

A. The records of any judicial proceeding and any other official records of any court in this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record.

. . . .

D. "Records" as used in this article shall be deemed to include any memorandum, report, paper, data compilation, or other record in any form, or any combination thereof.

Code § 8.01-391(C) provides that a copy of any record made by a court or clerk thereof in the performance of its official duties "shall be admissible into evidence as the original" if authenticated as a true copy by the clerk or deputy clerk of the court.

The JDR court record to which McMillan objects bears the following certificate:

Eighth Judicial District, City of Hampton
Juvenile and Domestic Relations District Court
220 North King Street
Hampton, VA 23669

I, the undersigned clerk or deputy clerk of the above-named court, authenticate pursuant to Va. Code

28

§ 8.01-391(C) on this date that the document to which this authentication is affixed is a true copy of a record in the above-named court, made in the performance of my official duties.

1-18-06        M. H. Forrest
Date          Deputy Clerk

In my view, the JDR record was of the kind contemplated by the provision of Code § 8.01-389(A), mandating that it "shall be received as prima facie evidence."  The record may well not have been conclusive and may not have, in itself, amounted to proof beyond a reasonable doubt, and it was surely subject to refutation by other evidence, but those questions are not before us.  The JDR record was offered at the beginning of the trial, before the first witness testified.  At that point, the trial court had no means of knowing what, if any, additional evidence might be forthcoming.  The court was not, at that stage, called upon to decide the sufficiency of the Commonwealth's case, but was confronted with a pure question of admissibility.  The trial court had no choice but to admit the record as prima facie evidence.

The majority opinion relies on our recent decisions in Palmer v. Commonwealth, 269 Va. 203, 609 S.E.2d 308 (2005), and Overbey v. Commonwealth, 271 Va. 231, 623 S.E.2d 904 (2006).  As the majority opinion candidly admits, however, the issue in both Palmer and Overbey was the sufficiency of the evidence of juvenile records to support a conviction of

29

possession of a firearm by a convicted felon. In neither case was the admissibility of evidence an issue. Those cases, accordingly, have no bearing on the sole question presented in this appeal.

The majority opinion states a conclusion that those cases do not support: "Simply stated, in Overbey and Palmer, the admitted evidence did not tend to prove or disprove that the defendant had been convicted of a prior felony." That is an admissibility analysis. Because those were sufficiency cases, they did not touch upon the question whether the evidence "tend[ed] to prove or disprove" anything. Rather, they simply held that the evidence, taken as a whole, did not establish the issue beyond a reasonable doubt. In the circumstances of the present case, that analysis was entirely within the province of the fact-finder and is not subject to review on appeal. Rules 5:17(C) and 5:25. If sufficiency were the issue in the present case, my view would be quite different. Palmer and Overbey have settled that question.

My concern with the majority opinion is that by commingling the principles applicable to an admissibility analysis with those applicable to a sufficiency analysis, considerable confusion may be introduced into the law of evidence in Virginia. For that reason, I respectfully dissent

in part, and would affirm the judgment of the Court of Appeals in its entirety.