COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Petty
Argued at Salem, Virginia


RONALD GLENN ETHERIDGE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2599-07-3                JUDGE ELIZABETH A. McCLANAHAN
                                                          MARCH 24, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                              Richard S. Miller, Judge

        Gregory W. Smith for appellant.

        Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Ronald G. Etheridge was convicted in a bench trial of felony possession of cocaine in

violation of Code § 18.2-250.[1]  He argues the trial court erred in finding the evidence sufficient

to support his conviction.  We affirm the trial court.

                                    I.  BACKGROUND

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted).

That principle requires us to "'discard the evidence of the accused in conflict with that of the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Code § 18.2-250 provides in pertinent part as follows:

                It is unlawful for any person knowingly or intentionally to
                possess a controlled substance unless the substance was obtained
                directly from, or pursuant to, a valid prescription or order of a
                practitioner while acting in the course of his professional practice,
                or except as otherwise authorized by the Drug Control Act.

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)). See also Bolden v. Commonwealth, 275 Va. 144, 147-48, 654 S.E.2d 584, 586 (2008); Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006); Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005); Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1998).

Officer J.L. Nimmrictor of the Lynchburg Police Department stopped Etheridge at approximately 12:30 a.m. in the Rubs Restaurant parking lot after Officer Nimmrictor observed Etheridge operating a vehicle with stolen tags. Officer Nimmrictor testified that while following Etheridge prior to the stop, [2] he could "not make his movements out real well" and did not observe any suspicious movements except that he could see Etheridge was the sole occupant of the vehicle.

When a back-up officer arrived, he and Officer Nimmrictor performed a protective sweep of the vehicle and discovered a glass smoking device "in plain view" on the floorboard between the driver's seat and console of the vehicle. According to Officer Nimmrictor, the driver of the vehicle could reach the floor where the glass stem was located without leaning over. The device contained a metal filter associated with smoking crack cocaine. Officer Nimmrictor testified the glass stem "was still warm to the touch as if it had been used recently." The officer further stated the part of the glass stem that was warm was the end containing a white substance. A subsequent forensic analysis confirmed the white substance on the glass stem was cocaine residue.

Etheridge testified he met the owner of the vehicle, Kim Chandler or K.C., earlier that day and she asked him to meet her at Rubs, where she worked, because she was having problems with

_____

[2] Officer Nimmrictor followed Etheridge for approximately two and a half miles before stopping him while waiting for back-up assistance.

her boyfriend.  According to Etheridge, his boss dropped him off at Rubs at approximately 10:30 p.m. or 10:45 p.m. and Etheridge sat inside Rubs and played a couple of games of pool while waiting for Chandler to finish work at 11:45 p.m.  At approximately 11:40 p.m., Chandler asked Etheridge to put gas in her vehicle and Etheridge drove Chandler's vehicle to an Exxon station.  While there, he put gas into the vehicle, bought a soda, and talked to a friend for about ten minutes.  Etheridge claimed he was in possession of the vehicle for approximately thirty minutes and denied having any knowledge of the drugs.

## II.  ANALYSIS

When considering a challenge to the sufficiency of the evidence on appeal, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original; citation and internal quotation marks omitted).  Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original).  See also McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009); Clanton v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (Mar. 17, 2009) (*en banc*).

These principles recognize that an appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).  This deferential standard of review "applies not only to the historical facts themselves, but the inferences from those facts as well."  Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2, 588 S.E.2d 384, 387 n.2 (2003).  "Thus, a factfinder

- 3 -

may 'draw reasonable inferences from basic facts to ultimate facts,' Haskins, 44 Va. App. at 10, 602 S.E.2d at 406 (citations omitted), unless doing so would push 'into the realm of *non sequitur*,' Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006) (citation omitted)." Clanton, ___ Va. App. at ___, ___ S.E.2d at ___.

"To convict a defendant of illegal possession of drugs, the Commonwealth must prove that the defendant was aware of the presence and character of the drugs, and that he intentionally and consciously possessed them." Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975).

> "[P]roof of actual possession is not required; proof of constructive possession will suffice. Constructive possession may be established when there are acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326, 330 (2006) (quoting Walton, 255 Va. at 426, 497 S.E.2d at 872) (internal quotation marks and citation omitted). "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004) (citation omitted). "To be sure, in drug cases no less than any other, it 'is axiomatic that any fact that can be proved by direct evidence may be proved by circumstantial evidence.'" Haskins, 44 Va. App. at 6, 602 S.E.2d at 404 (quoting Etherton v. Doe, 268 Va. 209, 212-13, 597 S.E.2d 87, 89 (2004)).

Though possession is not established by mere proximity, "it is a factor that may be considered in determining whether the accused constructively possessed drugs." Kelly, 41 Va. App. at 261, 584 S.E.2d at 449. "[O]ccupancy of the premises on which the contraband was found is likewise a circumstance probative of possession." Id. (internal quotation marks and citation omitted). In addition, the open visibility of contraband is probative evidence of constructive possession. See Wilson, 272 Va. at 28, 630 S.E.2d at 331 (finding relevant that

drugs were found "in plain view"); Haskins, 44 Va. App. at 9-10, 602 S.E.2d at 406 (noting that the bag of cocaine "was in plain view"); see also Bolden, 275 Va. at 149, 654 S.E.2d at 586 (finding relevant to possession of firearm charge that bag containing gun "was open and obvious to someone looking in the vehicle").

Officer Nimmrictor found the glass smoking device in plain view and within arm's reach of Etheridge, see Brown v. Commonwealth, 5 Va. App. 489, 492, 364 S.E.2d 773, 775 (1988) ("[defendant] was *within arm's reach* of the cocaine" (emphasis in original)), who was the sole occupant of the vehicle. The smoking end of the glass stem was still warm as though it had been recently used, and Etheridge had been in possession of the vehicle for at least thirty minutes.[3] We hold the totality of the circumstances disclosed by the evidence supports the reasonable inference that Etheridge recently used the glass stem to smoke the cocaine thus showing he "was aware of both the presence and character of the substance and that it was subject to his dominion and control." Wilson, 272 Va. at 27, 630 S.E.2d at 330 (internal quotation marks and citations omitted).[4] Therefore, the trial court could rationally find the essential elements of possession beyond a reasonable doubt.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

---

[3] Etheridge arrived at Rubs at 10:30 or 10:45 p.m. where the owner of the vehicle was working inside the restaurant and scheduled to be finished work at 11:45. Thus, it is reasonable to conclude the owner had not occupied her vehicle during that time period in addition to the time period during which Etheridge was operating the vehicle because he was asked to go get gas in her vehicle before she finished work.

[4] Although Etheridge denied prior knowledge of the drugs, he admitted he was a convicted felon and the trial judge was entitled to consider his prior felony conviction in assessing his credibility. See Code § 19.2-269.