COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, McClanahan and Haley
Argued at Richmond, Virginia


RONTEL TAYLOR, S/K/A
  RONTAL TAYLOR
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0697-09-2                JUDGE ELIZABETH A. McCLANAHAN
                                                         APRIL 20, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                        James F. D'Alton, Jr., Judge

        David C. Fratarcangelo (Eliades & Eliades, on brief), for appellant.

        Josephine F. Whalen, Assistant Attorney General II (William C.
        Mims, Attorney General, on brief), for appellee.


        Rontel Taylor was convicted, in a bench trial, of shooting into an occupied dwelling and

conspiracy to shoot into an occupied dwelling, in violation of Code § 18.2-279 and Code

§ 18.2-22.  Taylor argues on appeal that the evidence was insufficient to support his convictions

based on his credibility challenge to one of the Commonwealth's witnesses.  Rejecting this

argument, we affirm the convictions.

        When reviewing a challenge to the sufficiency of the evidence, "the judgment of the trial

court sitting without a jury is entitled to the same weight as a jury verdict."  Saunders v.

Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991) (citation and internal quotation

marks omitted).  Under this standard, this Court does not "ask itself whether *it* believes that the

evidence at the trial established guilt beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S.

307, 318-19 (1979) (emphasis in original; citation and internal quotation marks omitted).

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). See also McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182-83, 670 S.E.2d 727, 734 (2009); Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 906-07 (2009) (en banc).

The Commonwealth's key witness, Travis Morse, testified that he was one of Taylor's confederates in the shooting. According to Morse, on the day of the shooting, Taylor had with him the "whole day" a shotgun, which was Taylor's gun. Morse explained that he, Taylor, and two other friends were riding together in a car and that one of the two friends shot into Calvin Jones' house. Then later in the evening, the four of them drove back to Jones' house, knowing that "[s]omebody was going to shoot in the house [for the second time]." This time, as they drove by the house, "Rontel Taylor shot in the house," using his shotgun. Morse indicated that the reason Taylor shot into Jones' house was to retaliate for Jones' actions in response to the first shooting.

In challenging the sufficiency of the evidence, Taylor argues that Morse's testimony was not credible because Morse was a convicted felon and certain details of his testimony at trial were inconsistent with his prior testimony. We reject this argument. It is well established that "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Under this standard, "[t]he conclusions of the fact finder on issues of witness credibility may only be disturbed on appeal if this Court finds that [the witness'] . . . testimony was inherently incredible, or so contrary to

human experience as to render it unworthy of belief." <u>Moyer v. Commonwealth</u>, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (en banc) (citations and internal quotation marks omitted). Morse's testimony was neither inherently incredible nor contrary to human experience, and thus the trial court, as fact finder, did not err in crediting it.

For these reasons, we affirm Taylor's convictions.

<u>Affirmed.</u>