COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Clements
Argued at Richmond, Virginia


RONTEL TAYLOR

                                       MEMORANDUM OPINION[*] BY

v.   Record No. 1259-10-2          JUDGE JEAN HARRISON CLEMENTS
                                         MAY 31, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
James F. D'Alton, Jr., Judge

David C. Fratarcangelo (Eliades and Eliades, P.C., on brief), for
appellant.

Josephine F. Whalen, Assistant Attorney General II (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Rontel Taylor, appellant, appeals his convictions of second-degree murder and use of a

firearm in the commission of murder. On appeal, he argues the trial court erred by denying his

attempt to elicit testimony from a detective concerning the course of his investigation. Because

appellant fails to show the trial court committed reversible error, we affirm the convictions.

As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

BACKGROUND

Appellant was charged with murdering an individual in the parking lot of the Hopewell

Veterans of Foreign Wars (VFW) building. Detective Richard Hartman investigated the murder.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant called Detective Hartman as a defense witness. Appellant asked Detective Hartman, "Not getting into anything that anyone specifically told you in your investigations, during the course of your investigations, did you have occasion to come across the name of an individual named Frog who had been identified as being at the VFW?" The prosecutor objected to the question on the ground of hearsay. Appellant stated, "Judge, it's not introduced for the truth of the matter."

The following exchange took place:

> [Appellant]: It's introduced to determine what next course he took in his investigation.
>
> [Trial Court]: Tell me why it's not hearsay.
>
> [Appellant]: Because, Judge, I'm not introducing it for the truth of the matter. I'm trying to find what he did next in his investigation.
>
> [Trial Court]: I don't know. Then that's a relevance issue and I would sustain the objection.
>
> [Appellant]: So the objection is sustained, Judge?
>
> [Trial Court]: That's correct.
>
> [Appellant]: Okay.

Appellant then asked Detective Hartman whether he had come across any suspects, other than appellant, in the course of his investigation. Detective Hartman responded, "No." Appellant started to ask another question to Detective Hartman regarding whether he had listened to any 911 telephone calls. Before the question was complete, the prosecutor objected, stating, "Asked and answered and it's hearsay."

The trial court then excused the jury and asked appellant what he was proposing to ask the witness. Appellant replied that he was asking the detective whether he had reviewed any 911 calls that led him to investigate other suspects. The trial court explained that in order to pursue that line of questioning, appellant had to "ask for specific evidence presented to this [c]ourt of

another possible person." The trial court also asked appellant if he had any such evidence. Appellant replied that he did not, other than testimony from Detective Hartman that was given at a previous trial. The trial court asked appellant to proffer the prior trial testimony and the prosecutor stated, "I'll proffer [it] myself. . . . And it's basically . . . did somebody tell you that Elmo did it . . .?" The trial court then stated, "Well, there's clear case law that that's not admissible, unless you have evidence to refute and support another witness or another alleged defendant, then you've got to have that evidence before you go down that road." Appellant replied, "Very well, Judge. I'll move on." The trial court then stated, "All right. Then the objection is sustained."

## ANALYSIS

On appeal, appellant argues the trial court erred when it denied his attempt to elicit testimony from Detective Hartman concerning the course of his investigation. In his opening brief, appellant cites <u>Fuller v. Commonwealth</u>, 201 Va. 724, 729, 113 S.E.2d 667, 670 (1960), for the proposition that the hearsay rule does not operate to exclude evidence offered to explain or throw light on the conduct of the person to whom it was made. Appellant argues he properly limited his questioning of Detective Hartman within the parameters set forth by <u>Fuller</u>. He contends he did not offer the evidence for the truth of the matter, but to find out what the detective did in the course of his investigation. In his opening brief, appellant makes no argument about the relevance of this evidence, arguing only that the evidence was admissible because it was not hearsay.

The record shows, however, that the trial court ultimately excluded the evidence, not because it was inadmissible hearsay, but because of the trial court's determination that it was not relevant. Specifically, as set forth in the quoted exchange recited above, when appellant asked the detective about an individual named Frog and appellant argued that he was trying to find out

what the detective did next in his investigation, the trial court ruled that this evidence was irrelevant. In addition, when appellant asked Detective Hartman about the 911 calls and whether he had developed any suspects other than appellant, the trial court ruled that this evidence was inadmissible unless appellant showed he had specific evidence that another person committed the crimes (which he did not do).[1]

Even if we assume *arguendo* that the disputed evidence did not constitute hearsay, as appellant contends on appeal, that obviously would not, *ipso facto*, render the evidence admissible. "'It is a fundamental principle of jurisprudence that evidence which is not relevant is not admissible.'" McMillan v. Commonwealth, 277 Va. 11, 22, 671 S.E.2d 396, 401 (2009) (quoting Davis v. Marshall Homes, 265 Va. 159, 166, 576 S.E.2d 504, 507 (2003)). See generally Charles E. Friend, The Law of Evidence in Virginia § 11-2, at 433-38 (6th ed. 2003). The trial court found the evidence was not relevant and, upon that basis, denied its admission. This was, therefore, the dispositive ruling as to the admissibility of the disputed evidence. Yet, appellant makes no argument in this appeal directly challenging the merits of this ruling, i.e., an argument based on principles of relevancy. Appellant has thus failed "to shoulder [his] burden of showing that the trial court's decision 'constituted reversible error.'" Campbell v. Commonwealth, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002) (quoting McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*)).[2]

---

[1] As Professor Friend explains, evidence that a crime was committed by someone other than the accused "must point directly to guilt of a third party; evidence that another person is suspected of the crime or even that another person has been indicted for it is inadmissible. Thus, evidence that merely suggests that a third party may have committed the crime is inadmissible." Charles E. Friend, The Law of Evidence in Virginia § 12-12, at 470 (6th ed. 2003) (footnotes omitted).

[2] Appellant also contends the trial court "effectively" denied him the opportunity to make his own proffer of the evidence. However, appellant failed to make this argument to the trial court. Accordingly, Rule 5A:18 bars our consideration of this argument on appeal and the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, we affirm appellant's convictions.

Affirmed.

---

Moreover, our review of the record does not show the trial court denied appellant the opportunity to make a proffer. Rather, the prosecutor made the proffer and appellant did not object to this proffer, ask to supplement it, or ask to make his own additional proffer. Appellant acquiesced to the proffer as made by the prosecutor. Therefore, appellant's argument is without merit.