## Richmond

## KENNETH WAYNE WOODFIN v. COMMONWEALTH OF VIRGINIA

October 7, 1977.

Record No. 761444.

Present: All the Justices.

*Michael Morchower* (*John W. Luxton; Ott, Morchower, Thompson & McMullan,* on brief), for plaintiff in error.

*Jim L. Chin, Assistant Attorney General* (*Anthony F. Troy, Attorney General,* on brief), for defendant in error.

Per Curiam.

Convicted by a jury of possession of cocaine, Kenneth Wayne Woodfin was sentenced by final order entered July 1, 1976 to five years in the penitentiary. Defendant challenges the sufficiency of the evidence.

On January 28, 1976, police officers executed a search warrant at Apartment 4, Belmonte Court, Ettrick, Virginia, an apartment leased to Mrs. Lois Harris. No one was present when the officers entered. They observed on the floor in the living room, "leaning against the wall", three framed "certificates" or "diplomas" bearing defendant's name. In a dresser in the master bedroom they found an envelope addressed to Mrs. Harris, a jewelry sales slip in defendant's name but signed by Harris on the "ordered by" line, and an envelope addressed to "Mr. K. W. Worlfin, 1411 Halifax Street, Petersburg, Virginia". Under the mattress in the master bedroom they discovered a pistol and a tin foil package containing 15 grams of cocaine. Clothing for both men and women was hanging in the master bedroom closet. The pockets contained no contraband or identification data. The officers "didn't check the garments . . . to determine the size." Children's clothing was found in a second bedroom.

While the officers were in the apartment, two men knocked on the front door and, receiving no response, entered through the rear patio door. The officers did not know whether that door was unlocked or was opened with a key. One of the men was Mrs. Harris's cousin. The other, defendant's stepbrother, "wanted to know where his brother was." Shortly thereafter, a third man came into the apartment and was interrogated by the police.

An officer attached to the Petersburg Police Department testified that he had known defendant for five years; that he had often seen him at 1411 Halifax Street, the residence of one of defendant's relatives; that he had seen defendant and Mrs. Harris together on three occasions; that several times he had

seen defendant alone driving Mrs. Harris's car and once had followed him to her apartment building; and that he had seen him enter that building one night and walk in the direction of her apartment.

Mrs. Harris's neighbor "across the hall" testified that Mrs. Harris had "male visitors occasionally"; that defendant and Mrs. Harris had "started [going together] two or three weeks before Thanksgiving [1975]"; that defendant had been in Mrs. Harris's apartment several times when she visited there; that she saw him there some time during the week preceding the search but not on the day of the search; that "I don't think he stayed there"; and that "I took him to be a visitor just like I was."

■ Defendant was convicted of a violation of the statute which provides that "[i]t is unlawful for any person knowingly or intentionally to possess a controlled substance. . . ." Code § 18.2-250 (Repl. Vol. 1975). Such possession may be exclusive or joint, actual or constructive, and constructive possession may be shown by evidence establishing that the contraband was subject to defendant's dominion or control. *Ritter* v. *Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970).

■ The Commonwealth maintains that the evidence was sufficient to show "a joint constructive possession of the bedroom and the contents therein." We disagree.

Defendant had no proprietary interest in the apartment and, apparently, the mailing address he used was that of a relative in a nearby city. Even so, the Commonwealth contends that the circumstantial evidence supported an inference that defendant lived in the Harris apartment. Given the facts that defendant and Mrs. Harris had been seen together, in and out of her apartment, over a period of two months and that defendant had been seen driving her car, the Commonwealth says that the presence of men's clothing in her apartment indicated that she and defendant had been living there together. But Mrs. Harris's neighbor testified that Mrs. Harris had received "male visitors occasionally". Obviously, the three men who arrived while the search was in progress had ready access to the apartment and considered themselves privileged to enter. The articles of clothing were never described, the pockets contained no identification data, the sizes were never determined, and, so far as the evidence discloses, the clothing could have belonged to Mr.

Harris or to any of a number of Mrs. Harris's male acquaintances.

Clearly, defendant's brother expected to find him at the apartment, but his inquiry does not prove that he thought defendant lived there. Defendant's diplomas and the jewelry sales slip do not prove that he lived where they were found. The diplomas, "leaning against the wall" on the living room floor, were not displayed in the manner a resident would customarily display them. The sales slip and the envelope addressed to Mrs. Harris prove nothing more than that Mrs. Harris made a purchase in defendant's name and that the apartment was her residence.

The evidence shows that defendant was present in the Harris apartment on several occasions, once during the week preceding the search. There was utterly no evidence, however, that he spent a night there or, for that matter, that he ever entered the bedroom where the contraband was found.

We hold that the evidence was insufficient to establish that the cocaine was subject to defendant's dominion or control or "to show that defendant was aware of the presence and character of the particular substance". *Ritter* v. *Commonwealth, supra.* The judgment will be reversed and the case remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*