COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


RUFUS DENNIS LITTLE

MEMORANDUM OPINION[*] BY
v.      Record No. 2160-08-1      CHIEF JUDGE WALTER S. FELTON, JR.
JULY 14, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John E. Clarkson, Judge Designate

Kathleen A. Ortiz, Public Defender (Office of the Public Defender,
on brief), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


Following a bench trial, Rufus Dennis Little ("appellant") was found guilty of possession of

cocaine in violation of Code § 18.2-250, and malicious wounding in violation of Code § 18.2-51.[1]

On appeal, he contends the evidence was insufficient to prove he possessed cocaine.

As the parties are familiar with the record below, we cite only those facts necessary to the

disposition of the appeal.

I.

On appeal of a conviction, we "'discard the evidence of the accused in conflict with that of

the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth

and all fair inferences that may be drawn therefrom.'" Craddock v. Commonwealth, 40 Va. App.

539, 542-43, 580 S.E.2d 454, 456 (2003) (quoting Holsapple v. Commonwealth, 39 Va. App. 522,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's malicious wounding conviction is not before us on appeal.

528, 574 S.E.2d 756, 758-59 (2003) (en banc)). We must "examine the evidence that tends to support the conviction[] and to permit the conviction[] to stand unless [it is] plainly wrong or without evidentiary support." Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998) (citing Code § 8.01-680). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder[,] who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

So viewed, the evidence established that on November 27, 2007, Pamela Perry met appellant at his home for dinner. Perry had a "boyfriend/girlfriend relationship" with appellant, and had previously lived with him in his residence, a single-story duplex consisting of a living room, kitchen, bathroom, and bedroom. On November 27, Perry did not have a key to appellant's residence.

At some point during that evening, Archie Weare, appellant's friend, arrived and asked appellant for some assistance, the nature of which is not clear from the record. Weare did not enter the residence, but only "stood [] by the door." Appellant and Weare went outside and talked for an unspecified period of time. While they were outside, Perry "washed up a little bit," went into appellant's bedroom, and put on a "gown" appellant had given her to wear that evening. She watched television in the bedroom until appellant reentered the residence.

After appellant came back inside, he became angry that Perry had left crumbs on the dinner plates in the kitchen sink. He attacked her, stabbing her in the left thigh with a kitchen knife. After a struggle, Perry fled the bedroom, went into the bathroom, and called 911 on her cell phone. After appellant entered the bathroom and took Perry's phone, Perry left the bathroom, entered the hallway that connected the two sides of the duplex, and yelled for help. Appellant started to choke her, but

- 2 -

then released her and ran back into his residence.  Perry, dressed only in a nightgown, ran to a nearby gas station, where she again called 911.

Officer James Aspatore of the Chesapeake Police Department, as well as other officers and paramedics, arrived at the gas station.  He took Perry back to appellant's residence.  When Aspatore arrived at the residence, appellant was standing in the doorway.  Aspatore "immediately ordered him out of the house and detained him."  Appellant was visibly intoxicated and "needed to be assisted in walking."  The "[o]fficers cleared the residence for safety purposes," but appellant refused to give the officers consent to search the residence "for a weapon."  Approximately ten minutes later, appellant granted the officers permission to search.  Nevertheless, Officer Aspatore chose to obtain a search warrant "due to [appellant's] state of intoxication."  Prior to the search, appellant permitted Perry and her brother, whom she had called for assistance, to enter his residence so that she could change back into the clothes she wore earlier that evening.

In the search of the residence for weapons pursuant to the search warrant, police found two "crack cocaine smoking devices" in a "partially opened" cabinet drawer in appellant's bedroom.  A certificate of analysis admitted into evidence at trial proved that one of the smoking devices contained cocaine residue.  At trial, Perry testified that she was not a drug user.

Appellant testified in his defense, and denied he stabbed Perry with a knife.  He also stated that only he and Perry were in his bedroom that evening and that the "only time [Perry] was in [the bedroom]," he was with her.[2]

Following the presentation of all of the evidence, appellant moved to strike the Commonwealth's evidence, arguing that his ownership or occupancy of the residence was not sufficient to prove he possessed the cocaine found within it.  Appellant also argued that the evidence

---

[2] During his testimony, appellant was not asked about the cocaine found in his bedroom.

proved other people, specifically Weare and Perry, had access to the residence that evening, and could have placed the smoking devices in the drawer in his bedroom.

The trial court denied appellant's motion to strike the Commonwealth's evidence, and convicted him of malicious wounding and possession of cocaine.

## II.

On appeal, appellant contends the evidence was insufficient to prove he possessed the cocaine found in his bedroom.

To convict appellant of possession of cocaine, the Commonwealth was required to prove beyond a reasonable doubt that appellant was "aware of the presence and character of the drug and that [he] consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871-72 (1998) (citing Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). "Such possession may be exclusive or joint, actual or constructive . . . . " Woodfin v. Commonwealth, 218 Va. 458, 460, 237 S.E.2d 777, 779 (1977). Constructive possession may be established when there are "'"acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Walton, 255 Va. at 426, 497 S.E.2d at 872 (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)) (alteration in original).

The accused's "ownership or occupancy of premises . . . upon or in which a controlled substance was found shall not create a presumption that [the accused] either knowingly or intentionally possessed such controlled substance." Code § 18.2-250(A). However,

> [a] person's ownership or occupancy of premises on which the
> subject item is found [is a] probative factor[] to be considered in
> determining whether . . . the totality of the circumstances supports
> a finding of possession. Archer v. Commonwealth, 26 Va. App. 1,
> 12, 492 S.E.2d 826, 831-32 (1997) . . . . "The law is well
> established that possession of *the means* to exercise dominion

[and] control over an item gives the possessor dominion [and] control over the item [itself]." Bell v. Commonwealth, 21 Va. App. 693, 698-99, 467 S.E.2d 289, 291-92 (1996) (emphasis added) . . . .

Wright v. Commonwealth, 53 Va. App. 266, 274, 670 S.E.2d 772, 775-76 (2009).

Here, the evidence proved appellant was the sole resident of his home, and controlled access to the residence. Police found two "crack cocaine smoking devices" one of which contained cocaine residue, in a "partially opened" cabinet drawer in his bedroom. Appellant testified that only he and Perry were in his bedroom on the evening he was arrested. Perry testified that she did not use drugs. The trial court found Perry's testimony to be more credible than that of appellant. See Sandoval, 20 Va. App. at 138, 455 S.E.2d at 732.

Appellant argues, as he did in the trial court, that "[w]ith [] Perry's access to the bedroom, every reasonable hypothesis of innocence cannot be excluded," including the hypothesis that Perry placed the smoking device containing cocaine in the drawer. However, "[t]he Commonwealth [was] not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the [cocaine]" in appellant's drawer. See Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (en banc).

> "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).
>
> In considering an appellant's alternate hypothesis of innocence in a circumstantial evidence case, we must determine "not whether there is some evidence to support" the appellant's hypothesis of innocence, but, rather, "whether a reasonable [fact finder], upon consideration of all the evidence, could have rejected [the appellant's] theories in his defense and found him guilty of [the charged crime] beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003) (internal quotations omitted).

Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004).

We conclude the evidence was sufficient to convict appellant of possession of cocaine.

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>