COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


WORTH WILSON, III

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0571-09-1                      JUDGE JAMES W. HALEY, JR.
                                                          FEBRUARY 2, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Rodham T. Delk, Jr., Judge

James L. Grandfield, Public Defender, for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


I.  INTRODUCTION

Worth Wilson, III, appeals his convictions for possession of cocaine in violation of Code

§ 18.2-250 and possession of a firearm while in possession of cocaine in violation of Code

§ 18.2-308.4.  He maintains the Commonwealth failed to prove he possessed the cocaine found

under his seat in a car and, further, that the evidence failed to show simultaneous possession of

the cocaine and firearm.  We affirm.

II.  BACKGROUND

On April 17, 2008, Officer T.A. Smith of the Suffolk Police Department conducted a

traffic stop of a car containing three persons.  Wilson was in the front passenger seat.  While

Smith checked the driver's information in his police car, Wilson attempted to leave the car on

multiple occasions.  Smith asked Wilson to remain in the car for safety reasons.  Smith

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

eventually determined to tow the car since the license plates on it belonged to a different vehicle and the driver lacked a valid license.

Pursuant to police department policy, Smith decided to conduct an inventory search of the car before it was towed. He requested the three vehicle occupants to exit the car, which they did. As Smith searched the vehicle, Wilson repeatedly came to him and tried to look over his shoulder. Smith asked Wilson to remain with the other car occupants. While Wilson was with those occupants, he paced back and forth, behaving nervously. The other two occupants remained calm. When Smith began searching the passenger area of the car, Wilson sought permission to remove the seat covers. He sought this permission from both Smith and another officer. Yet Wilson was told he had to wait until Smith completed the search. Smith found a revolver, a piece of cocaine, and a baggie of marijuana under the passenger seat Wilson had occupied. Smith testified these items were "right next to each other."

Wilson later admitted to Smith he knew the gun was under the seat. He stated he noticed the gun on the floor when he entered the car. He picked it up, examined it, and placed it under the seat. Wilson also admitted to smoking marijuana earlier in the day, though he denied ownership of the marijuana under his seat. At trial, Wilson testified he moved the gun so the barrel pointed away from his feet. Wilson testified he did not see the cocaine and did not know of its presence.

A grand jury indicted Wilson for possession of cocaine and possession of a firearm while in possession of a controlled substance. At the conclusion of a bench trial, the court found Wilson guilty. The court specifically held: "I find from the evidence in this case that the defendant was in constructive possession of the marijuana, the cocaine, and the revolver. That's beyond a reasonable doubt." Wilson now appeals.

III.  ANALYSIS

On appeal, we view "the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court, and we accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence."  Britt v. Commonwealth, 276 Va. 569, 573, 667 S.E.2d 763, 765 (2008).  We will affirm the trial court unless its judgment "is plainly wrong or without evidentiary support."  Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009).

The Code provides it is illegal "for any person knowingly or intentionally to possess a controlled substance."  Code § 18.2-250(A).  The Code defines the other offense Wilson was convicted of, possession of a firearm while in possession of a controlled substance, as follows: "It shall be unlawful for any person unlawfully in possession of a controlled substance . . . to simultaneously with knowledge and intent possess any firearm on or about his person."  Code § 18.2-308.4(B).

Either actual or constructive possession of a controlled substance and firearm suffices for a conviction.  Rawls v. Commonwealth, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006); Woodfin v. Commonwealth, 218 Va. 458, 460, 237 S.E.2d 777, 779 (1977).  Furthermore, the crime of possessing a firearm while possessing a controlled substance does not require any nexus between the firearm and narcotics; simultaneous possession alone suffices for a conviction.  Wright v. Commonwealth, 278 Va. 754, 760-61, 685 S.E.2d 655, 658 (2009).[1]

Whether the Commonwealth has proven constructive possession largely rests on the facts of the case.  Ritter v. Commonwealth, 210 Va. 732, 743, 173 S.E.2d 799, 807 (1970).  "[T]he Commonwealth must point to evidence of acts, statements, or conduct of the accused or other

---

[1] As used in Code § 18.2-308.4, the word "simultaneously" means "'at the same time.'"  Wright, 278 Va. at 759, 685 S.E.2d at 657.

facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). Constructive possession may be joint. Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983). Where the Commonwealth relies on circumstantial evidence to prove constructive possession, we ask only whether the fact finder could reject defense theories and find the defendant guilty beyond a reasonable doubt. Jordan v. Commonwealth, 273 Va. 639, 646, 643 S.E.2d 166, 170 (2007).

The fact finder may consider a number of factors in determining whether a defendant had constructive possession of a controlled substance and firearm. Occupancy of a vehicle in which contraband is discovered has probative value, though this by itself is insufficient to prove possession. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982). The fact finder may also consider as evidence of constructive possession an attempt by the defendant to prevent the police from looking in an area, Bolden v. Commonwealth, 275 Va. 144, 148-49, 654 S.E.2d 584, 586 (2008), and a defendant's nervous behavior around the police, Kelly v. Commonwealth, 41 Va. App. 250, 261, 584 S.E.2d 444, 449 (2003) (*en banc*).

Our Supreme Court recently considered whether a defendant had constructive possession of a firearm in Smallwood v. Commonwealth, 278 Va. 625, __ S.E.2d __ (2009). The defendant was driving at night with a firearm in plain view next to him. Id. at 627-28, __ S.E.2d at __. However, the firearm was owned by the person in the front passenger seat, who had placed it in its location. Id. at 628, __ S.E.2d at __. The defendant had not even touched the firearm that evening. Id. Nonetheless, the Court found the facts supported the defendant's constructive possession of the weapon. Id. at 631, __ S.E.2d at __. The Court noted the defendant admitted he knew of the weapon's presence and character. Id. The Court also found important that the

- 4 -

defendant's position next to the firearm provided an immediate opportunity for actual possession if the defendant had chosen to take the weapon. Id.

Our Supreme Court also evaluated whether the evidence sufficed to prove constructive possession of drugs on facts relevant to this case in McMillan v. Commonwealth, 277 Va. 11, 671 S.E.2d 396 (2009). Like this case, the defendant was in the passenger seat of a car. Id. at 19, 671 S.E.2d at 400. There was a loaded gun with the defendant's DNA under the defendant's seat, along with material for possible use in drug packaging. Id. When a police officer requested the defendant to open the glove compartment where drugs were found, the defendant refused on the ground he had nothing to do with the contents of the glove compartment. Id. at 20, 671 S.E.2d at 400. The defendant fled when the officer discovered drugs. Id. The Court found these facts sufficient to prove the defendant constructively possessed drugs. Id.

We conclude the evidence here sufficed to prove Wilson constructively possessed cocaine and a firearm simultaneously.[2] Wilson admitted seeing the firearm on the floor of the car and placing it under the seat. The cocaine was found next to the firearm. Wilson behaved nervously after exiting the vehicle and requested to retrieve seat covers from the car when the area of his seat was searched. The fact finder could infer from this that Wilson possessed a consciousness of guilt and sought to obtain the cocaine and firearm before the police found them. In sum, the fact finder could determine Wilson knew of the cocaine and firearm under his seat and that they were subject to his control.

---

[2] Wilson maintains the trial court misconstrued the requirement of the possession of a firearm while in possession of a controlled substance charge that the possession be simultaneous. Wilson argues the trial court ignored the possibility that Wilson could have possessed the firearm, yet not noticed the cocaine. In response to a motion to strike, the trial court stated: "If you're in possession of one, you're in possession of all of them simultaneously. This case, it's either all or none." We do not construe the court's comments like Wilson. We believe the court intended to say that given the evidence in the case, it was not reasonable to believe Wilson knew of the firearm, yet not the cocaine next to it. Such a factual decision was within its role as the finder of fact.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>