COURT OF APPEALS OF VIRGINIA


Present:  Judges McClanahan, Petty and Powell
Argued at Richmond, Virginia


MARCUS ATKINS, S/K/A
  MARCUS ANTWAN ATKINS
                                                                    OPINION BY
v.        Record No. 1502-08-2          JUDGE ELIZABETH A. McCLANAHAN
                                                                     JULY 14, 2009
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                        Samuel E. Campbell, Judge

            W. Edward Tomko, III (Novey and Tomko Law Firm, on brief), for
            appellant.

            Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Marcus Antwan Atkins appeals his conviction for obstruction of justice in violation of

Code § 18.2-460 and argues the evidence was insufficient to support his conviction. We agree

and reverse the judgment of the trial court.

        "On review of a challenge to its sufficiency, we view the evidence in the light most

favorable to the Commonwealth, the party prevailing below, and grant to it all reasonable inferences

fairly deducible therefrom." Nolen v. Commonwealth, 53 Va. App. 593, 595, 673 S.E.2d 920, 921

(2009). "Sufficiency-of-the-evidence review involves assessment by the courts of whether the

evidence adduced at trial could support any rational determination of guilt beyond a reasonable

doubt." United States v. Powell, 469 U.S. 57, 67 (1984). See also McMillan v. Commonwealth,

277 Va. 11, 15, 671 S.E.2d 396, 397 (2009); Jones v. Commonwealth, 277 Va. 171, 182, 670

S.E.2d 727, 734 (2009); Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 906

(2009) (en banc).

At approximately 2:30 a.m., Officer Matthew Bennett of the Prince George County Police, while on patrol, observed a vehicle with a dangling license plate pass him on the road. When he turned around, he found the vehicle parked in a local business parking lot and observed the driver, Atkins, speaking with another officer, James Crowder. Officer Bennett "ran the license plate" of the vehicle through the DMV and determined the plate was stolen. He told Crowder to detain Atkins but Atkins ran into the woods. Bennett was unable to find Atkins at that time but discovered a handgun and marijuana in the vehicle. Bennett located Atkins at 6:30 a.m. after he was found by Crowder walking down the side of the road. Atkins told Bennett he was in the woods all night and did not want to talk to police. When asked his name, Atkins repeatedly told Bennett his name was Lamont Johnson. Bennett found a set of keys on Atkins' person that opened the vehicle and a cell phone that fit the charger in the vehicle. After determining his true identity, Bennett learned Atkins was a convicted felon. Atkins was charged with, and convicted in a bench trial of, possession of a firearm by a convicted felon, possession of marijuana, and obstruction of justice.

Atkins contends the evidence was insufficient to convict him of violating Code § 18.2-460[1] since mere flight does not constitute obstruction of justice. A conviction for violation of subsection A requires proof of

> "acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to 'obstruct' ordinarily implies opposition or resistance by direct action. . . . It means to obstruct the officer himself not merely to oppose or impede the process with which the officer is armed."

---

[1] Code § 18.2-460(A) states:

> If any person without just cause knowingly obstructs a judge, magistrate, justice, juror, attorney for the Commonwealth, witness or any law-enforcement officer in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such judge, magistrate, justice, juror, attorney for the Commonwealth, witness, or law-enforcement officer, he shall be guilty of a Class 1 misdemeanor.

Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998) (quoting Jones v. Commonwealth, 141 Va. 471, 126 S.E. 74, 77 (1925)). "[O]bstruction of justice does not occur when a person fails to cooperate fully with an officer or when the person's conduct merely renders the officer's task more difficult" or "frustrat[es] [his or her] investigation." Id. at 429, 431, 505 S.E.2d at 389, 390. Thus, "an accused's hiding or seeking 'to escape [an] officer by merely running away [is] not such an obstruction as the law contemplates.'" Id. at 430, 505 S.E.2d at 389 (quoting Jones, 141 Va. at 478, 126 S.E. at 76). Applying Ruckman,[2] we agree the evidence was insufficient to support a conviction of obstruction of justice under Code § 18.2-460(A).[3]

The Commonwealth readily concedes that mere flight is insufficient to sustain a conviction for obstruction of justice under subsection A, but argues Atkins repeatedly provided a false name to Officer Bennett in violation of Code § 18.2-460(D). That subsection provides:

> Any person who knowingly and willfully makes any materially false statement or representation to a law-enforcement officer who is in the course of conducting an investigation of a *crime by another* is guilty of a Class 1 misdemeanor.

---

[2] Under the interpanel accord doctrine, the "decision of one panel 'becomes a predicate for application of the doctrine of *stare decisis*' and cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court." Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73, 577 S.E.2d 538, 540 (2003) (citation omitted); see also Congdon v. Congdon, 40 Va. App. 255, 265, 578 S.E.2d 833, 838 (2003).

[3] No evidence suggested that Atkins willfully disobeyed a command by the officer to stop, and thus, we need not address case law finding this circumstance dispositive. See, e.g., Thomas v. State, 606 S.E.2d 275, 277 (Ga. Ct. App. 2004) (affirming an obstruction conviction for "fleeing from [the officer] and refusing to obey his commands to stop"); F.E.C. v. State, 559 So.2d 413, 414 (Fla. Dist. Ct. App. 1990) (stating an individual may be guilty of obstruction "if he flees while knowing of the officer's intent to detain him and the officer is justified in making a stop"). See also United States v. Haye, 825 F.2d 32, 35 (4th Cir. 1987) ("By its very nature . . . a Terry stop is involuntary, and the suspect is not free to avoid it by flight."); Clarke v. Commonwealth, 32 Va. App. 286, 299, 527 S.E.2d 484, 491 (2000) (same).

Code § 18.2-460(D) (emphasis added).[4]  By its plain language, subsection D only applies to a false statement or representation made while the officer is investigating a "crime by another," which necessarily means a crime committed by someone other than the person making the false statement or representation.  Id.  "When the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated."  Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003).

Although the Commonwealth argues the "record does not affirmatively show that [the police] were not investigating the involvement of anyone else," the burden is on the Commonwealth "to prove every essential element of the offense beyond a reasonable doubt."  Bishop v. Commonwealth, 275 Va. 9, 12, 654 S.E.2d 906, 908 (2008) (internal quotation marks and citation omitted).  And the Commonwealth only presented evidence that Atkins made false statements regarding his identity while police were conducting an investigation of a crime by him – not "another."[5]

Accordingly, the evidence was insufficient as a matter of law to establish beyond a reasonable doubt that Atkins was guilty of obstruction of justice, in violation of either Code § 18.2-460(A) or (D).  For that reason, we reverse the judgment of the trial court.

Reversed.

---

[4] The warrant of arrest charged Atkins with violation of Code § 18.2-460 without designation of a subsection.  But it did add:  "knowingly obstruct a law-enforcement officer in the performance of duties, or fail or refuse to cease such obstruction when requested to do so."  Atkins did not argue the existence of a variance between the warrant and proof at trial.

[5] There are Virginia statutes prohibiting the giving of and use of false identification in the course of a police investigation.  See, e.g., Code § 19.2-82.1 (giving false identity to law-enforcement officer) and Code § 18.2-186.3 (use of identity information of another person, whether false or fictitious, to avoid summons, arrest, prosecution or to impede a criminal investigation).  However, the Commonwealth did not charge Atkins with violation of these statutes.