COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Kelsey and Haley
Argued at Richmond, Virginia

MARKESHA MONIQUE BENNETT

MEMORANDUM OPINION[*] BY
v.      Record No. 1139-09-2           JUDGE D. ARTHUR KELSEY
                                       JANUARY 12, 2010
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Frederick G. Rockwell, III, Judge

Richard R. Fuller, Jr., for appellant.

Richard B. Smith, Special Assistant Attorney General
(William C. Mims, Attorney General, on brief), for appellee.


The trial court convicted Markesha Monique Bennett of obstruction of justice in violation

of Code § 18.2-460(A) and felony assault on a law enforcement officer in violation of Code

§ 18.2-57(C). On appeal, Bennett challenges the sufficiency of the evidence. Because the

evidence amply supports her convictions, we affirm.

I.

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). This principle

requires us to "discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and all fair

inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,

759 (1980) (emphasis and citation omitted). Our examination of the record "is not limited to the

evidence mentioned by a party in trial argument or by the trial court in its ruling. In determining

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

whether there is evidence to sustain a conviction, an appellate court must consider *all the evidence* admitted at trial that is contained in the record." Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008) (emphasis added).

So viewed, the evidence at trial showed that a Chesterfield County police officer made a routine traffic stop of a vehicle one night in May 2008. The officer advised the driver that his car headlights were not activated and asked for his license and registration. Bennett was a passenger in the stopped vehicle. When the driver was unable to locate his registration, Bennett told him, "Hurry up. Give this asshole your registration so we can get out of here."

The officer returned to his police cruiser to run a routine records check on the driver. Bennett got out of the stopped vehicle, sat on a curb, and shouted: "He is fucking with us. Fuck this. Fuck the police." The records check revealed the driver was operating the vehicle on a suspended license. After preparing a written summons for this offense, the officer started walking to the driver's side of the stopped vehicle. As he passed by Bennett, she looked at him and asked: "What the fuck are you going to do? Write me for something?" The officer ignored her provocations and began to explain the summons to the driver. The driver initially refused to sign the summons. Walking towards him, Bennett told the driver: "Sign the damn thing so we can get the fuck out of here. We will see his ass in court."

Fearful the episode was about to escalate, the officer told Bennett three or four times to "stay back until [he] finished issuing the summons." Despite these warnings, Bennett continued to advance toward the officer and the driver. The officer stepped toward her and held his arm out as she closed in on his position. The moment his arm "touched" Bennett's shoulder, she "swatted" the officer's arm away and shoved him in the chest. The officer attempted to take Bennett into custody but she broke free and swung at him with her right hand. As the officer tried to block her punch, she hit his left arm. When the officer tried to place her in handcuffs,

Bennett "dug her fingernails into the back of [his] hand, causing cuts and scrapes, deep cuts and scrapes into [his] hand." She was eventually subdued by pepper spray and with the assistance of two other officers.

Bennett testified in her own defense at trial. Her counsel asked on direct examination, "No question, as we have talked about, you were upset, and for better explanation, you were obnoxious that day, correct, cursing?" No, not at all, Bennett explained. She was courteous to the officer and spoke in a "soft tone" throughout the encounter. The officer's testimony to the contrary, Bennett asserted, was "a complete lie." During cross-examination, Bennett admitted she had been convicted of a misdemeanor involving lying, cheating, or stealing.

Sitting as factfinder, the trial court found Bennett guilty of both charges. "I do not find her testimony here today credible," the court stated, "I don't accept her version of how things occurred." Based upon these findings, the court found Bennett guilty of misdemeanor obstruction of justice and felony assault on a law enforcement officer. She appeals both convictions contending neither rests on sufficient evidence.

## II.

### A. APPELLATE STANDARD OF REVIEW

An appellate court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original).[1] "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (citation omitted

---

[1] See also McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182-83, 670 S.E.2d 727, 734 (2009).

and emphasis in original). We are "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004). Consequently, we give factfinders

> the wide discretion to which a living record, as distinguished from a printed record, logically entitles them. The living record contains many guideposts to the truth which are not in the printed record; not having seen them ourselves, we should give great weight to the conclusions of those who have seen and heard them.

James v. Commonwealth, 53 Va. App. 671, 677, 674 S.E.2d 571, 574 (2009) (citation omitted).

A trial judge's "major role is the determination of fact, and with experience in fulfilling that role comes expertise." Haskins, 44 Va. App. at 11, 602 S.E.2d at 407 (citation omitted). "If reasonable jurists could disagree about the probative force of the facts, we have no authority to substitute our views for those of the trial judge." Campbell v. Commonwealth, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002). This deferential standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (citation omitted).

## B. OBSTRUCTION OF JUSTICE

The trial court found Bennett guilty of misdemeanor obstruction of justice. The arrest warrant tracked Code § 18.2-460(A), stating that Bennett "did unlawfully . . . without just cause, knowingly obstruct a law-enforcement officer in the performance of [his] duties as such, or fail or refuse to cease such obstruction without just cause when requested to do so." See Atkins v. Commonwealth, 54 Va. App. 340, 344 n.4, 678 S.E.2d 834, 836 n.4 (2009).

Under Code § 18.2-460(A), "there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to 'obstruct' ordinarily implies

opposition or resistance by direct action and forcible or threatened means." Jordan v.

Commonwealth, 273 Va. 639, 648, 643 S.E.2d 166, 171 (2007) (citation omitted); see also

Atkins, 54 Va. App. at 343, 678 S.E.2d at 835. While "it is *not necessary* that there be an actual

or technical *assault* upon the officer," id. (emphasis added), it is certainly sufficient if there is

one. By itself, a physical assault on an officer in an effort to obstruct the performance of his

official duties "fully establish[es] a discrete misdemeanor offense of obstructing justice." Martin

v. Commonwealth, 242 Va. 1, 7, 406 S.E.2d 15, 18 (1991). See also Brown v. City of Danville,

44 Va. App. 586, 598, 606 S.E.2d 523, 529 (2004); Craddock v. Commonwealth, 40 Va. App.

539, 553, 580 S.E.2d 454, 461 (2003).[2]

Bennett concedes as much[3] but argues she was merely resisting an "unlawful arrest."

Appellant's Br. at 4. We accept the underlying legal premise of this argument. In Virginia, "a

citizen generally is permitted to use reasonable force to resist an illegal arrest." Commonwealth

v. Hill, 264 Va. 541, 546-47, 570 S.E.2d 805, 808 (2002).[4] Like the trial court, however, we do

not see how it applies to this case. Bennett was not under arrest when she "swatted" the officer's

---

[2] On brief, Bennett states that the "plain language" of Code § 18.2-460(A) "provides that *threats* constitute a violation of the statute . . . . [I]t is the threats made by the offender, coupled with his intent, that constitute the offense." Appellant's Br. at 4 (emphasis in original) (citing Wise v. Commonwealth, 49 Va. App. 344, 356, 641 S.E.2d 134, 140 (2007)). As Wise notes, however, this focus on "threats" comes from "former Code § 18.2-460(A)" which is today found only in Code §§ 18.2-460(B) and (C). "Subsection (A), now a Class 1 misdemeanor, was added in 1989. In its terms, it punishes knowing, completed obstructions; subsections (B) and (C) involve a unique kind of attempt by threats or force." John L. Costello, Virginia Criminal Law & Procedure § 27.1[2], at 398 (4th ed. 2008).

[3] See CAV Oral Argument Recording at 10:35; 10:53.

[4] Given our holding, we need not decide whether Bennett used excessive force while resisting the putative arrest. Even when resistance is permitted, the force used must be "reasonable." Smith v. Commonwealth, 30 Va. App. 737, 740-41, 519 S.E.2d 831, 832 (1999); see also Brown v. Commonwealth, 27 Va. App. 111, 116-17, 497 S.E.2d 527, 530 (1998); Foote v. Commonwealth, 11 Va. App. 61, 69, 396 S.E.2d 851, 856 (1990).

- 5 -

arm and shoved him in the chest. At that point, the officer had not attempted to take her into custody and had said nothing to suggest he was about to do so. She was arrested and taken into custody only *after* she assaulted the officer.

Whether arrested or not, Bennett continues, she was nevertheless unlawfully detained by the officer the moment he touched her shoulder. We need not decide whether the officer detained Bennett simply by touching her because the right to use reasonable force to resist an illegal arrest does not imply the "right to use force to resist an unlawful detention." Hill, 264 Va. at 548, 570 S.E.2d at 809. "Close questions as to whether an officer possesses articulable suspicion must be resolved in the courtroom and not fought out on the streets." Id. (citation omitted). The trial court, therefore, rightly concluded Bennett's conduct could not be justified as lawful resistance to an allegedly unlawful detention.

## C.  ASSAULT ON A LAW ENFORCEMENT OFFICER

A defendant violates Code § 18.2-57(C) by "committing an assault and battery knowing or having reason to know that the victim is a law enforcement officer." Montague v. Commonwealth, 278 Va. 532, 540, 684 S.E.2d 583, 588 (2009). Under common law, an

> assault is an attempt with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; it is any act accompanied with circumstances denoting an intention, coupled with a present ability, to use actual violence against another person. Battery is the actual infliction of corporal hurt on another that is done willfully or in anger. The intent to harm may be shown by the circumstances of the offense, including the actor's words and conduct.

Id. at 541, 684 S.E.2d at 588-89 (citation and internal quotation marks omitted).

On appeal, Bennett does not contest she used physical force against the officer. Nor does she dispute the validity of the officer's status or that she did not know he was an officer. She

again argues only that the officer "lacked the right to place her under arrest and as such she had every right to use reasonable force to resist the arrest." Appellant's Br. at 8 (citing Hill, 264 Va. at 546-47, 570 S.E.2d at 808).

For two reasons, the trial court did not err in rejecting this argument. First, as noted earlier, Bennett's initial assault and battery occurred when she "swatted" the officer's arm and shoved him in the chest. That took place *before* the officer arrested Bennett. She was not resisting an unlawful arrest because she had not yet been arrested. Second, Bennett's later assault and battery occurred when she hit the officer's arm and dug her fingernails into his hand. That took place *after* the officer had probable cause to arrest Bennett for the initial incident. While we do not know from the trial court's remarks which of these two scenarios it adopted, either one is legally sufficient to support Bennett's conviction under Code § 18.2-57(C).[5]

### III.

In sum, the evidence supports Bennett's convictions for obstruction of justice in violation of Code § 18.2-460(A) and felony assault on a law enforcement officer in violation of Code § 18.2-57(C).[6] Because the trial court had ample grounds to reject Bennett's argument that she was legally justified to commit the offenses, we affirm her convictions.

Affirmed.

---

[5] When "faced with a record of historical facts that supports conflicting inferences," an appellate court must presume, even if the factfinder does not expressly say so, that all such evidentiary conflicts were resolved in favor of the prevailing party. Clanton, 53 Va. App. at 570, 673 S.E.2d at 909 (citation omitted).

[6] Because these charges involve disparate crimes asserted in a simultaneous prosecution, Bennett can be charged and convicted of both. See generally De'Armond v. Commonwealth, 51 Va. App. 26, 31-33, 654 S.E.2d 317, 319-20 (2007) (explaining, in the context of a simultaneous prosecution, the inapplicability of Code § 19.2-294 and the limited role of constitutional double jeopardy principles); Walker v. Commonwealth, 47 Va. App. 114, 123 n.8, 622 S.E.2d 282, 287 n.8 (2005), aff'd, 272 Va. 511, 636 S.E.2d 476 (2006).