COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Beales and Powell
Argued at Richmond, Virginia


BRANDON JARELL LOVE

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1795-09-2              JUDGE RANDOLPH A. BEALES
                                                          OCTOBER 26, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMELIA COUNTY
Thomas V. Warren, Judge

        Evelyn G. Tucker for appellant.

        Virginia B. Theisen, Senior Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        A jury convicted Brandon Jarell Love (appellant) of the misdemeanor offense of obstruction

of justice, pursuant to Code § 18.2-460(A).[1]  On appeal, appellant raises two questions:  1.)

whether the trial court erred in denying his motion to strike the evidence as insufficient to support

the obstruction conviction; and 2.) whether the trial court fully and accurately instructed the jury.

Underlying both of appellant's questions is his position that, in order to convict a person of violating

Code § 18.2-460(A), the Commonwealth must prove that a defendant did more than simply run

away from the police after being told to stop.  We agree with appellant's underlying premise that,

under existing Virginia law, evidence that a suspect ran away from the police, without doing

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant was also charged with felony vehicular eluding, pursuant to Code § 46.2-817.
The jury could not reach a unanimous verdict regarding this offense, however, and so the trial
court declared a mistrial as to this charge.

anything else, is insufficient as a matter of law to convict a person under Code § 18.2-460(A).

Therefore, we reverse his conviction.

## BACKGROUND

Because the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, we forego a full discussion of the evidence presented to the jury and instead recite only those facts relevant and necessary to the parties' understanding of our holding. We review this evidence in the light most favorable to the party that prevailed below (here, the Commonwealth), as we are required to do in an appeal questioning the sufficiency of the evidence to support a factfinder's decision to convict a defendant. Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1998).

The relevant evidence here proved that, after refusing to stop his car in response to a police car's lights and siren, appellant drove up to his mother's house, jumped out of his car, and ran. Officer McDonald, who had been following appellant's car down the road, then stopped his patrol car, got out, and yelled for appellant to "stop because he was under arrest." Although he denied hearing the officer, appellant clearly knew as he ran around the house and then into the woods that the law-enforcement officer wanted him to stop. Officer McDonald testified at trial that he was never able to touch appellant and that appellant never threw anything at or near the officer to impede his progress, nor was there evidence that he threatened the officer in any manner.

## ANALYSIS

Appellant was charged with violating Code § 18.2-460(A).[2] This statute states, in pertinent part, that a person commits a Class 1 misdemeanor if he "knowingly obstructs" a police officer in

---

[2] Appellant was not charged with resisting arrest. See Code § 18.2-479.1(A) ("Any person who intentionally prevents or attempts to prevent a law-enforcement officer from lawfully arresting him, with or without a warrant, is guilty of a Class 1 misdemeanor."). Therefore, we do not address whether the facts presented to the jury would have supported a conviction under this statute prohibiting the resisting of arrest.

the performance of his duties or if he refuses "to cease such obstruction when requested to do so" by a police officer. Code § 18.2-460(A). Therefore, in order to successfully prosecute a charge under this statute, the Commonwealth must prove that a defendant "obstructed" an officer.

The Code does not define "obstruct." However, in 1925, the Supreme Court analyzed the phrase "obstruct any officer" in the context of prohibition statutes. Jones v. Commonwealth, 141 Va. 471, 126 S.E. 74 (1925). In that case, the police chased Jones's car "at a terrific rate of speed" for four miles. Id. at 476, 126 S.E. at 76. During the chase, as the police car got within 150 feet of his car, Jones climbed into the back seat and threw a bag of barley out of the car window. Id. The police then had to swerve their car in order to avoid hitting the bag. Id. The police finally stopped Jones's car, which someone else was driving, and charged Jones with obstructing justice. Id. Jones testified at his trial that he threw the bag out of the car because he believed that transporting the barley was a violation of the prohibition laws. Id. at 477, 126 S.E. at 76.

In holding that Jones's conviction should be reversed, the Supreme Court found, "The fact that the accused sought to escape the officer by merely running away was not such an obstruction as the law contemplates." Id. at 478, 126 S.E. at 76 (citing State v. LeBlanc, 98 A. 119 (Me. 1916)). In discussing the definition of "obstruct," the Court cited the following:

> "To constitute obstruction of an officer in the performance of his duty, it is not necessary that there be an actual or technical assault upon the officer, but there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to 'obstruct' ordinarily implies opposition or resistance by direct action and forcible or threatened means. It means to obstruct the officer himself not merely to oppose or impede the process with which the officer is armed."

Id. at 478-79, 126 S.E. at 77 (quoting 2 Hascal R. Brill, Cyc. of Criminal Law § 1156 (1923)). The Supreme Court then rejected the Commonwealth's argument that throwing the bag of barley into the road constituted obstruction, finding that this evidence did not prove that Jones had the

intent to obstruct the officers because the bag would not "naturally result in the wreck or obstruction of an automobile one hundred and fifty feet in the rear of the obstacle." Id. at 479, 126 S.E. at 77.

In Atkins v. Commonwealth, 54 Va. App. 340, 678 S.E.2d 834 (2009), this Court applied the principles expressed by the Supreme Court in Jones. In Atkins, Officer Bennett saw Atkins's car in a parking lot, and he also observed Atkins talking to Officer Crowder. Id. at 341, 678 S.E.2d at 835. Officer Bennett discovered that the license plate on Atkins's car was stolen, so he told Officer Crowder to "detain" Atkins. Id. Instead of waiting for Officer Crowder to act, "Atkins ran into the woods." Id. at 342, 678 S.E.2d at 835. Based on his actions, Atkins was convicted of violating Code § 18.2-460.

In reversing Atkins's conviction, this Court explained:

> "[O]bstruction of justice does not occur when a person fails to cooperate fully with an officer or when the person's conduct merely renders the officer's task more difficult" or "frustrat[es] [his or her] investigation." Id. at 429, 431, 505 S.E.2d at 389, 390. Thus, "an accused's hiding or seeking 'to escape [an] officer by merely running away [is] not such an obstruction as the law contemplates.'" Id. at 430, 505 S.E.2d at 389 (quoting Jones, 141 Va. at 478, 126 S.E. at 76).

Id. at 343, 678 S.E.2d at 835 (quoting Ruckman v. Commonwealth, 28 Va. App. 428, 505 S.E.2d 338 (1998)) (alterations in original).

Given the foregoing analysis of the term "obstruct," we must determine whether the evidence here was sufficient to support the factfinder's determination that appellant violated Code § 18.2-460(A).

"While it is the duty of every citizen to submit to lawful arrest," Jones, 141 Va. at 478, 126 S.E. at 76, the Commonwealth must prove that a defendant did more than run from an officer in order to convict him of engaging in the actual conduct prohibited by Code § 18.2-460(A). Nothing in this record suggests that appellant did more than run from the officer. Given the

Supreme Court's analysis in <u>Jones</u> and this Court's decision in <u>Atkins</u>, we must therefore conclude that appellant's failure to stop running away from the officer did not constitute obstruction of justice under Code § 18.2-460(A). [3]

CONCLUSION

Based on the Supreme Court's analysis in <u>Jones</u> and this Court's decision in <u>Atkins</u>, evidence that a suspect ran away from the police, without doing anything else, is insufficient as a matter of law to convict a person under Code § 18.2-460(A). Consequently, in this case, the Commonwealth did not prove beyond a reasonable doubt that appellant "obstructed" a law-enforcement officer pursuant to Code § 18.2-460(A).[4] Therefore, we must reverse and dismiss appellant's conviction for obstruction of justice under Code § 18.2-460(A).

<u>Reversed and dismissed.</u>

---

[3] The Commonwealth asks this Court to base its opinion on a footnote in <u>Atkins</u> that states, "No evidence suggested that Atkins willfully disobeyed a command by the officer to stop, and thus, we need not address case law finding this circumstance dispositive." 54 Va. App. at 343 n.3, 678 S.E.2d at 835 n.3. However, even though Officer McDonald yelled to the fleeing appellant in this case to stop because he was under arrest, we find that the binding precedent of this Court's decision in <u>Atkins</u> and of the Supreme Court's decision in <u>Jones</u> governs the facts presented here, as Atkins also clearly ran from the police because he knew that they wanted to detain him, and as Jones clearly knew that the police wanted to stop his vehicle.

[4] Because we find the evidence was insufficient as a matter of law for a conviction under Code § 18.2-460(A), we do not need to address appellant's second question presented regarding the proper instruction to the jury.