COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Kelsey and Powell[*]
Argued at Chesapeake, Virginia

GARY DON CASTLE, JR.

                                             MEMORANDUM OPINION[**] BY
v.    Record No. 0357-10-2             JUDGE D. ARTHUR KELSEY
                                              AUGUST 9, 2011

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
David H. Beck, Judge

Ronald Hur, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

The trial court revoked a suspended sentence imposed on Gary Don Castle, Jr. after

finding he violated the condition of good behavior.  Castle appeals, claiming the court erred as a

matter of law.  We disagree and affirm.

I.

In 2006, Castle pled guilty to using a computer to solicit a sexual act from a minor in

violation of Code § 18.2-374.3(B).[1]  The conviction and sentencing order imposed a five-year

sentence with four years and six months suspended on condition that he be on "good behavior."

---

[*] Justice Powell participated in the hearing and decision of this case prior to her
investiture as a Justice of the Supreme Court of Virginia.

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] At the time of Castle's indictment and trial, Code § 18.2-374.3(B)(iv) provided:  "It
shall be unlawful for any person 18 years of age or older to use a communications system,
including but not limited to computers or computer networks or bulletin boards, or any other
electronic means, for the purposes of soliciting any person he knows or has reason to believe is a
child less than 18 years of age for . . . (iv) any activity in violation of subsection A of
§ 18.2-370."  The General Assembly revised Code § 18.2-374.3 in 2007.  See 2007 Va. Acts chs.
759, 823 (effective July 1, 2007).

App. at 40. In addition, the conviction order directed Castle "not [to] access the [I]nternet, nor any other mechanism, for interactive computer discussion" except for employment or educational purposes. Id.

In 2008, the trial court found Castle violated the terms of his 2006 suspended sentence in several ways, including failing to register as a sex offender, failing to report a change of address to his probation officer, and driving on a suspended license. The court revoked four years and six months of Castle's suspended sentence and resuspended all but six months. The court ordered that the "balance shall remain suspended on the same terms and conditions as previously stated." App. at 29.

In 2009, Castle stipulated he had again violated the conditions of his suspended sentence based on two unexcused absences and subsequent termination from sex offender treatment. The trial court conducted a hearing on June 23, 2009 and thereafter revoked and resuspended the remaining four years of Castle's sentence and imposed on him the "same terms and conditions as previously stated." App. at 22.

On October 16, 2009, Castle's probation officer issued a "Major Violation Report." See App. at 7-8. Within the section entitled "Adjustment to Supervision," the probation officer reported Castle's status as "Poor," explaining:

> the subject used a computer to contact the sister of a probation officer who is employed in the District 21 Office. This is a clear violation of the courts order [sic] "will not access the internet, nor any other mechanism for the interactive computer discussion, by any means for a period of five years from the date of his release from incarceration on this charge, except as may be directly required for employment or educational purposes." In addition, this is a violation of his special sex offender conditions. He is not employed and appears that he never has been employed. He has not been placed into Sex Offender Treatment due to his unemployment and lack of transportation.

App. at 7.

Under the "Violation Data" section, the probation officer summarized a statement given to him by Dawn Weisenberger, a case manager for a prison re-entry program. In this statement, Weisenberger advised the probation officer:

> Mr. Castle greeted me in the lobby and asked how my sister was doing. He commented that he had coffee with her a couple of months ago. My sister has had coffee with one man in the past 2 months whom she has met on an [I]nternet site www.fubar.com. She said that he contacted her online and invited her to meet for coffee at Hyperion Espresso. All of their communication online was instant m[e]ssaging. She said that during their conversation at the coffee shop he had admitted to being on probation but did not disclose his offense and asked if she would write to him if he went back to prison. She has not spoken to him since. [Weisenberger, Dawn A 10/15/2009]

App. at 8. The trial court admitted the probation officer's report into evidence at Castle's third revocation hearing on January 26, 2010.[2]

Weisenberger testified at the hearing. She said Castle met her in October 2009 in the lobby of the probation office and "mentioned that he had met [her] sister recently and asked how she was doing." App. at 64. Weisenberger later confirmed that Castle's meeting with her sister occurred in August 2009. Based upon the major violation report and Weisenberger's testimony, the trial court found Castle violated the conditions of his resuspended sentence after his last revocation hearing on June 23, 2009, and revoked all four years remaining on the previously suspended sentence.

## II.

On appeal, Castle argues the evidence did not prove the violation occurred *after* the June 23, 2009 revocation hearing. If it occurred *before* that hearing, Castle contends, the trial court

---

[2] At the time of the admission of the probation officer's report into evidence, Castle's counsel withdrew his earlier, anticipatory objection to the report. Compare App. at 61 (making objection), with App. at 74 (withdrawing objection).

had no authority — even if it was wholly unaware of the violation — to revoke Castle's suspended sentence. We recently rejected just this argument:

> Code § 19.2-306 addresses the effect of a prior hearing on the court's authority to consider alleged violations and contains its own statutory preclusionary rule: "If any court has, after hearing, found no cause" to "revoke a suspended sentence," then "any further hearing" for that purpose, "*based solely on the alleged violation for which the hearing was held*, shall be barred." Code § 19.2-306(D) (emphasis added). Therefore, had Canty's September 2008 drug possession been raised at the first revocation hearing, and had the trial court determined it was not grounds for a revocation, Code § 19.2-306(D) would have precluded it from being used in any later hearing for this purpose.

> No Virginia precedent, however, has interpreted this statute to preclude a trial court from relying on a ground *not* raised at a prior hearing and *not* previously found to be "no cause" for revocation. Code § 19.2-306(D). Doing so would be to "judicially graft" an unwritten provision into the statute, Cent. Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42 Va. App. 264, 280, 590 S.E.2d 631, 640 (2004), under the subtle "guise of judicial interpretation," Holly Hill Farm Corp. v. Rowe, 241 Va. 425, 431, 404 S.E.2d 48, 51 (1991).

> . . . Indeed, we reject the notion that the revocation and resuspension of all or part of a defendant's suspended sentence prevents the trial court from thereafter considering conduct by the defendant, never before considered, that occurred prior to the date of the revocation and resuspension. To do so would immunize the defendant (in the context of sentencing on the original crime) from the consequences of acts he committed, no matter how heinous, in violation of certain conditions of his probation once the trial court found him in violation of *other*, even minor, terms of his probation.

Canty v. Commonwealth, 57 Va. App. 171, 177-79, 699 S.E.2d 526, 529-30 (2010) (emphasis in original and footnote omitted), appeal pending, SCV No. 102221 (granted Mar. 17, 2011).

Castle acknowledges Canty but contends we should set it aside as "wrongly decided." See Appellant's Br. at 12. A holding by one panel of the Virginia Court of Appeals, however, binds "all other three-judge panels under the interpanel accord doctrine." Startin v. Commonwealth, 56 Va. App. 26, 40 n.3, 690 S.E.2d 310, 317 n.3 (2010) (*en banc*) (citing Atkins

v. Commonwealth, 54 Va. App. 340, 343 n.2, 678 S.E.2d 834, 835 n.2 (2009)), aff'd, 281 Va. 374, 706 S.E.2d 873 (2011).  This conclusion is unaffected by the fact that Canty has been appealed to the Virginia Supreme Court.  Precedent protected by the interpanel accord doctrine remains secure until overruled "by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court."  Congdon v. Congdon, 40 Va. App. 255, 265, 578 S.E.2d 833, 838 (2003).[3]

We also disagree with the factual predicate of Castle's argument.  He claims the trial court erred in finding he used the Internet *after* the June 23, 2009 revocation hearing.  The probation officer, however, issued his report on October 16, 2009.  The report stated Castle told Weisenberger that he met her sister "a couple of months ago" after contacting her online via an Internet site.  The meeting thus would have taken place in the middle of August 2009, consistent with Weisenberger's testimony at Castle's third revocation hearing.  All of Castle's online communication, Weisenberger's sister confirmed, involved Internet-based "instant m[e]ssaging." App. at 8.

These facts permit the reasonable inference that Castle's instant messaging more likely than not took place just prior to the meeting, thus placing both the Internet communication and the face-to-face meeting sometime after the June 23, 2009 revocation hearing.  Castle and Weisenberger's sister had no other contact with each other prior to or after the meeting.  It was perfectly reasonable for the trial court, as factfinder, to find it highly improbable that two complete strangers would exchange instant messages for the sole purpose of setting up a meeting months later with absolutely no other communication in the interim.

Castle claims this inference is too speculative.  We disagree.  In revocation proceedings, "proof beyond a reasonable doubt is not required," Marshall v. Commonwealth, 202 Va. 217,

---

[3] "This principle applies not merely to the literal holding of the case, but also to its *ratio decidendi* — the essential rationale in the case that determines the judgment."  Williams v. Commonwealth, 50 Va. App. 337, 341 n.1, 649 S.E.2d 717, 718 n.1 (2007) (quoting Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73-74, 577 S.E.2d 538, 540 (2003)).

221, 116 S.E.2d 270, 274 (1960) (citing Slayton v. Commonwealth, 185 Va. 357, 366, 38 S.E.2d 479, 483 (1946)), and "findings of fact are made under a preponderance-of-the-evidence, rather than reasonable-doubt, standard," United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999); see generally Johnson v. United States, 529 U.S. 694, 700 (2000) (noting the "violative conduct" need only be proven "under a preponderance of the evidence standard"); 6 Wayne R. LaFave, Criminal Procedure § 26.10(c), at 888-90 (3d ed. 2007). The trial court's inference fully satisfied this standard.[4]

The suspension of a criminal sentence "represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" Price v. Commonwealth, 51 Va. App. 443, 448, 658 S.E.2d 700, 703 (2008) (citation omitted). "It provides an opportunity for an accused to repent and reform, which may be withdrawn for reasonable cause, determined in the sound discretion of the trial court." Holden v. Commonwealth, 26 Va. App. 403, 409, 494 S.E.2d 892, 895 (1998) (citation omitted). On appeal, the trial court's "findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991).

III.

In sum, we disagree with both the legal premise of Castle's argument (that only a violation after June 23, 2009 could be considered) and the factual predicate for this argument (that no evidence proved a violation after June 23, 2009). For these reasons, we conclude the trial court properly exercised its discretion in revoking Castle's suspended sentence.

Affirmed.

---

[4] Given our holding, we need not address the Commonwealth's argument that Castle stipulated to violating his suspended sentence. See Appellee's Br. at 7-10; App. at 12-13.