# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Danielle Stockstill

January 27, 2014

Case Nos. CR13-1533 and CR13-1534

BY JUDGE CLIFFORD R. WECKSTEIN

The defendant is charged with Driving Under the Influence (Virginia Code § 18.2-266) and with Refusing a Blood or Breath Test (Virginia Code § 18.2-268.3). In a Motion to Suppress, she asserts that her car was stopped and that she was detained (and ultimately arrested) in violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. The court heard the evidence and argument on January 23, 2014, and counsel tendered copies of relevant Virginia cases. Upon mature consideration, the court will grant the motion to suppress, because the police officers who stopped the defendant's vehicle had no knowledge of specific and articulable facts that would justify an objectively reasonable suspicion that the defendant was engaged in criminal activity.

*Facts*

The facts are not in controversy. Three witnesses testified: Roanoke City Police Officers G. P. Benton and A. N. Volks, and the defendant, Danielle Stockstill. Each witness's testimony was consistent with the testimony of each of the other witnesses.

The contact between Stockstill and the officers occurred on January 28, 2013, on private property, the parking lot of a convenience store located on Crystal Spring Avenue in the City of Roanoke. When Officers Benton and Volks and another officer, Sgt. Collins, arrived at the store, Stockstill was shopping inside the store; her car was parked on the convenience store lot.

Officer Volks, who was in uniform but driving an unmarked police vehicle, drove onto the lot so that she could observe the interior of the

store. She was looking for a woman and Stockstill apparently was the only woman shopping in the store. When Stockstill left the store and headed for her car, Volks signaled Benton. Before Stockstill could back out of her parking place, Benton blocked her car with his. He was driving a marked police cruiser and had activated his flashing blue lights. He testified that Stockstill was at no time free to leave the scene.

No police officer saw Stockstill or her vehicle on a public road. (It is unclear from the evidence whether Stockstill started her car before Benton's vehicle blocked her. Neither officer testified to observing anything remarkable about her driving or operation in the parking lot. The Commonwealth's Attorney did not suggest operation in the parking lot furnished any articulable and reasonable suspicion to stop Stockstill.)

The officers had been informed by their dispatcher that a citizen "complainant," who gave a name and said that he worked as a civilian security guard at the Richard H. Poff Federal Building, had reported a possible drunk or reckless driver on a public highway in the City of Roanoke. The dispatcher told them that the complainant gave a description of the vehicle, provided its license number, and stated that he was keeping vehicle in view. The officers understood from the dispatcher that the suspect vehicle had parked at the convenience store and that the driver, who was female, had left the car and was in the store. Stockstill's vehicle met the description broadcast by the dispatcher.

Benton testified that he had brief contact with the complainant at the convenience store. There is no evidence that the officer learned anything material during that contact.

Neither officer recalled hearing from the dispatcher any details about the suspect's driving, any details that might have explained the complainant's reported suspicion of drunk or reckless driving.

### Principles of Law

"The Fourth and Fourteenth Amendments are implicated in this case because stopping an automobile and detaining its occupants constitute a 'seizure' within the meaning of those Amendments, even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *see Harris v. Commonwealth*, 276 Va. 689, 694, 668 S.E.2d 141, 144 (2008), *cert. denied* 558 U.S. 978 (2009) (citations and italics omitted). "Under the Fourth Amendment, any seizure of a person, no matter how brief, must have an objective justification related to law enforcement." *Montague v. Commonwealth*, 278 Va. 532, 538, 684 S.E.2d 583, 587 (2009). "An investigative stop must be justified by reasonable suspicion, based upon specific and articulable facts, of criminal activity." *Sidney v. Commonwealth*, 280 Va. 517, 522, 702 S.E.2d 124, 127 (2010). The U.S. Supreme Court has "described reasonable suspicion simply as a 'particularized and objective

basis' for suspecting the person stopped of criminal activity." *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

To determine whether an officer had reasonable suspicion to make an investigative traffic stop, the court must assess the totality of the circumstances, including "the content of information possessed by police and its degree of reliability." *Harris*, 276 Va. at 695 (quoting *Jackson v. Commonwealth*, 267 Va. 666, 672, 594 S.E.2d 595, 598-99 (2004), quoting *Alabama v. White*, 496 U.S. 325, 330 (1990)). When the factual basis for probable cause or reasonable suspicion is provided by an anonymous informant, the informant's veracity or reliability, and the basis of his or her knowledge are "highly relevant" factors in the overall totality of the circumstances analysis. *Illinois v. Gates*, 462 U.S. 213, 230 (1983); *Harris*, 276 Va. at 695. An informant whose identity is known to or reasonably discoverable by the police may possess a higher degree of reliability than one who is totally anonymous. *Harris, id.*, 276 Va. at 695. But "[e]ven if the informant is not anonymous and some indicia of his personal reliability exists . . . the officer still must have some objective basis for assessing the reliability of the informant's knowledge of the information contained in his report in order to establish a reasonable and articulable suspicion to stop the suspect." *Beckner v. Commonwealth*, 15 Va. App. 533, 535-36, 425 S.E.2d 530, 532 (1993) (information given to officer in face-to-face contact with informant).

An informant's description of "readily observable criminal activity" may furnish an objectively reasonable justification for an officer's suspicion that a crime is taking place. *Harris*, 276 Va. at 696. "However," the Supreme Court of Virginia has explained, "the crime of driving while intoxicated is not readily observable unless the suspected driver operates his or her vehicle in some fashion objectively indicating that the driver is intoxicated; [when no details have been articulated from which an officer objectively could draw such a conclusion,] such conduct must be observed before an investigatory stop is justified." *Id.*; *cf. Oliphant v. Snyder*, 206 Va. 932, 936, 147 S.E.2d 122, 125 (1966) (police officer's opinion that defendant was intoxicated inadmissible).

If the complainant in this case had described details of the driving that he observed, and the dispatcher had broadcast these details, trained and experienced police officers might have been able to reach and articulate an objectively reasonable suspicion that the driver was engaged in criminal activity. Without such details and without personal observation, they could not do so.

## Conclusion

Because the officers who stopped defendant Stockstill's car did not possess information about specific and articulable facts that would justify an objectively reasonable suspicion that the defendant was engaged in

criminal activity, the court will grant the defendant's motion to suppress all evidence and statements resulting from that stop.

The Attorney for the Commonwealth has the right to appeal this decision by noting an appeal of the suppression order within seven days after entry of that order. *See* Virginia Code §§ 19.2-398 and 19.2-400. That order will be entered on Monday, January 27, 2014. Once the Commonwealth's Attorney has decided whether to note an appeal, will counsel please schedule a hearing to discuss how this case is to proceed.